NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

GLOBE MANUFACTURING
COMPANY, Respondent.

No. 76–1098.

United States Court of Appeals,
First Circuit.

Heard Sept. 10, 1976.

Decided Nov. 15, 1976.

W. Christian Schumann, Providence, R. I., Atty., with whom John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Gen. Counsel, and John H. Ferguson, Atty., Washington, D. C., were on brief, for petitioner.

Patrick A. Liguori, Providence, R. I., with whom Adler, Pollock & Sheehan Inc., Providence, R. I., was on brief, for respondent.

Before CLARK, Associate Justice (Ret.),* McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This is a petition for enforcement of an order of the National Labor Relations Board issued against Globe Manufacturing Company on June 10, 1975. Jurisdiction is pursuant to section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e).

On June 14, 1974, a complaint was issued against respondent Company charging violations of sections 8(a)(1), (3) and (4) of the National Labor Relations Act (Act). 29 U.S.C. §§ 158(a)(1), (3), (4). An administrative law judge found that the Company had not violated the Act and that the complaint should be dismissed in its entirety.

On June 10, 1975, the Board issued a decision upholding the findings, rulings and conclusions of the administrative law judge except for his finding that the Company

* Sitting by designation.

had not violated sections 8(a)(4) and (1) in its dealings with James McCarthy. The Board found, contrary to the judge, that respondent had "discharged" McCarthy because he had filed a complaint with the NLRB. The Board ordered the Company to offer McCarthy full reinstatement with back pay. The Company was further ordered to cease and desist from illegal actions against employees because unfair labor practices had been filed. Notice of the order was to be posted.

On July 16, 1975, the Company filed Motions for Reconsideration and for Reopening of the Record, both of which were denied by the Board on September 16, 1975.

The difficulty that this case presents on review emanates from within the four corners of the Board's decision. The Board purported to uphold the administrative law judge's credibility findings in their entirety,[1] but nonetheless proceeded to set out an account of the events giving rise to the alleged unfair labor practice which the judge had rejected. Furthermore, the reasoning of the Board places heavy reliance on a part of this same discredited testimony. Because of the confusion resulting from the Board's error, which it now admits but considers immaterial, we have examined the record with care.

James McCarthy was employed by Globe Manufacturing Company as an extruder-helper, a physically taxing job. McCarthy had a history of back trouble and on November 12, 1973, he sustained another in a long line of back injuries while bending over the extruder tanks. He left his work and subsequently filed a workmen's compensation claim. He was examined on December 7, 1973, by the insurance carrier's physician, Dr. Albert Resnick, who stated in his medical report that McCarthy would be able to resume normal duties on December 17, 1973, but noted further that the employee had a "recurrent low back syndrome" which would likely "keep repeating almost on an indefinite basis." McCarthy aggravated his back injury on December 11 and his personal chiropractor then indicated that he should be able to return to work in mid-January.

McCarthy received no workmen's compensation benefits and on January 3, 1974, he visited the Company plant. Walter Romanowicz, Vice President and Production Manager of the Company, informed McCarthy that, based on Dr. Resnick's report, he did not think that the Company had any work which McCarthy could handle and that it would not be economically fair to the Company to be subjected to McCarthy's intermittent employment. Romanowicz told McCarthy that he would have to get a doctor's opinion contradicting Dr. Resnick's prognosis of a chronic back condition before he could be returned to his old job. The discussion focused on facilitating McCarthy's receipt of workmen's compensation payments.

On March 6, 1974, a claim was filed on McCarthy's behalf alleging that the Company had violated section 8(a)(3) of the Act by discharging and/or refusing to let him return to work on January 3. That claim remained pending until mid-1975 when it was dismissed by the Board.

On March 15, 1974, McCarthy again visited the plant and saw Romanowicz. He had with him a note from his chiropractor dated February 7, 1974 which stated that McCarthy could go back to work on February 11, 1974. A conversation then ensued between the two men to which Romanowicz and McCarthy both testified, their versions differing in one significant respect.

Romanowicz testified that when McCarthy showed him the chiropractor's note, Romanowicz' response was that upon advice of

---

1. The Board, in footnote 1 of its decision, stated the following:

    "The General Counsel has excepted to certain credibility findings made by the Administrative Law Judge. It is the Board's established policy not to overrule an Administrative Law Judge's resolutions with respect to credibility unless the clear preponderance of all of the relevant evidence convinces us that the resolutions are incorrect . . . . We have carefully examined the record and find no basis for reversing his findings." 218 N.L.R.B. No. 51 (1975). [Citation omitted.]

counsel he could not consider McCarthy's work status because the unfair labor practice charges filed against the Company relating to the events of January 3 were under investigation and it was inappropriate for him to discuss the matter at that time. Romanowicz at first denied that McCarthy had actually asked to return to work on March 15; however, he later stated that McCarthy did apply for work that day. He reassured McCarthy that he was not fired or terminated, and that he was still a Globe employee. The administrative law judge stated that he credited Romanowicz' version.[2]

McCarthy's version was the same as Romanowicz' in many respects, including that Romanowicz had only foreclosed discussion "at that time." However, McCarthy went on to say that he was told by Romanowicz: "I have nothing further to say to you."

The Board, in its decision, did not cite Romanowicz' version, even though it stated that it accepted the credibility findings of the administrative law judge; instead it quoted extensively from McCarthy's discredited testimony. In rejecting the administrative law judge's finding that Romanowicz did not foreclose future discussion with McCarthy, the Board said:

> "*Romanowicz did indeed foreclose any future discussion concerning McCarthy's return to work. He told McCarthy that he, Romanowicz, had nothing further to say. Under the circumstances, McCarthy had no choice but to leave the office.* The fact that Romanowicz told McCarthy that he was not fired or terminated and that he was still considered an employee of Globe is negated by the fact that Respondent refused to return McCarthy to work. In effect, Romanowicz discharged McCarthy and it is clear from the context of the conversation that Respondent was refusing to discuss McCarthy's return to work because an unfair labor practice

charge had been filed against Respondent. In such circumstances, we find that Respondent violated Section 8(a)(4) of the Act on March 15, 1974, by its failure to recall McCarthy to work." [Emphasis supplied.]

It is thus apparent that the Board based its finding of a section 8(a)(4) violation on the theory that McCarthy was, in effect, discharged at the March 15 meeting; and in finding such a discharge, it relied heavily on McCarthy's discredited testimony that Romanowicz had told him that he, Romanowicz, had nothing further to say. If that testimony had been eliminated from consideration and the Board had followed its own stated affirmance of the judge's credibility findings and therefore had relied on Romanowicz' version, it seems far more doubtful that it would have found that Romanowicz actually discharged McCarthy.

■■■ To be sure, section 8(a)(4) makes it an unfair labor practice not only to "discharge" an employee because he has filed charges under the Act, but also to "otherwise discriminate." Even if not a discharge, it may be that Romanowicz' failure to put McCarthy back to work on March 15, 1974, was to "otherwise discriminate" within the meaning of section 8(a)(4). *See Dubin-Haskill Lining Corp. v. NLRB,* 386 F.2d 306 (4th Cir. 1967) and the cases cited therein. While such a result is not compelled on this record, it is certainly not foreclosed. However, the Board found a violation based on a discharge, a finding predicated on testimony which elsewhere in its decision it indicated it was discrediting. We cannot say that the Board's error was harmless, and it would be "incompatible with the orderly function of the process of judicial review" of Board decisions for this court to substitute, at this stage, a modified theory under which respondent may be found to have violated section 8(a)(4). *NLRB v.*

---

2. After setting out the content of each man's testimony, the administrative law judge said, "It seems clear, on the basis of McCarthy's testimony alone, that Respondent did not discharge him on March 15, 1974, or at any time thereafter. Moreover, I credit Romanowicz' version of the event, and find that he declined to discuss McCarthy's work status on that date on advice of counsel because the unfair labor practice charges filed by McCarthy were then under investigation."

*Metropolitan Life Insurance Co.,* 380 U.S. 438, 442–44, 85 S.Ct. 1061, 13 L.Ed.2d 951 (1965). *See Local 467, Upholsterers' v. NLRB,* 419 F.2d 179, 182 (3d Cir. 1969).

Accordingly, we remand the case to the Board for reconsideration. The Board may also reopen the record if it desires.

*The petition for enforcement is denied and the case remanded for further proceedings consistent with this opinion.*