**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**S. PRAWER & COMPANY, Respondent.**

No. 78–1030.

United States Court of Appeals,
First Circuit.

Argued June 5, 1978.

Decided Sept. 27, 1978.

Jesse I. Etelson, Atty., N.L.R.B, Washington, D. C., with whom John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and John H. Ferguson, Atty., Washington, D. C., were on brief, for petitioner.

Harold N. Mack, Boston, Mass., with whom Philip J. Moss, and Morgan, Brown, Kearns & Joy, Boston, Mass., were on brief, for respondent.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

The National Labor Relations Board ("Board" or "NLRB") seeks enforcement of its order that S. Prawer & Co. ("Company") cease and desist from certain unfair labor practices found by the Board, that it bargain with the Industrial Union of Marine and Shipbuilding Workers of America, AFL-CIO ("Union") upon request, and that it post appropriate notices. The Company alleges that the Board's finding of section 8(a)(5) and (1), 29 U.S.C. § 158(a)(5) and (1), violation does not find substantial evidence in the record as a whole and that the Board erred in not accepting into evidence certain statements by one of the employees and in failing to hold an evidentiary hearing.

On October 5, 1977, the Union requested the Company to recognize and bargain with it. The Company refused. The Union had been certified as the bargaining representative pursuant to an election held on March 19, 1976. The Company had filed timely exceptions to the election alleging that the election was invalid (1) because of a rumor circulated to twelve of fourteen employees the morning of the election to the effect that the plant was moving to a location twenty-five or thirty miles away; (2) because the Union had allegedly misrepresented to employees that a former employee had been terminated for union activities; and (3) that the Union had circulated, nine days prior to the election, a news letter purportedly misrepresenting a claim that it had negotiated a $.60 per hour raise and improvements in vacation and sick pay on behalf of members employed by Ryder Truck Rental of Portland. Following an investigation, the Regional Director found against the Company on all three exceptions. The Company took exceptions to the Director's report, which the Board rejected in September, 1977, when it adopted the findings of the Regional Director and certified the election. The Company refused to bargain with the Union, persisting in its claim that the election results should be overturned. Subsequent unfair labor practice charges were filed, charging the Com-

pany with refusal to bargain. The Board found against the Company on the unfair labor practice charges and now seeks enforcement of its orders by this court.

While many cases may be decided without detailed separate analysis of the issues to be reviewed, there is a two-tiered process involved: we review the fact findings of the Board in its petition for enforcement of its orders on the unfair labor practices complaint pursuant to the standard articulated in the statute, 29 U.S.C. § 160(e), and enunciated in *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 487–488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), as to whether the Board order finds substantial evidence in the record as a whole. Since Board rulings on the certification challenge are not reviewable directly, *A.F.L. v. N.L. R.B.*, 308 U.S. 401, 406, 60 S.Ct. 300, 84 L.Ed. 347 (1940), but only to the extent that the unfair labor practices complaint rests upon them, *Pittsburgh Plate Glass Co. v. N.L.R.B.*, 313 U.S. 146, 154, 61 S.Ct. 908, 85 L.Ed. 1251 (1941), our standard of review on that question is restricted to an analysis of whether the Board abused its discretion in certifying the election. *N.L.R.B. v. O. S. Walker Co., Inc.*, 469 F.2d 813, 817 (1st Cir. 1972). We also determine whether the Company's assertion that it was denied due process has merit. *Pittsburgh Plate Glass Co. v. N.L.R.B.*, supra, 313 U.S. at 154–155, 61 S.Ct. 908.

The Regional Director investigated the claim that a plant relocation rumor had so charged the atmosphere immediately preceding the election that the employees were thwarted in the attempted exercise of their free choice in selecting *vel non* a bargaining representative. *N.L.R.B. v. A. G.*

*Pollard Co.*, 393 F.2d 239, 241 (1st Cir. 1968). Eleven or twelve of fourteen voting employees attended a meeting the morning of the election. One of the employees stated that he had heard that the Company was going to relocate to a location twenty-five or thirty miles away. Another employee, the brother-in-law of the Company's warehouse manager, said that he knew this to be so. Several employees then commented that they would be unable to remain with the Company should the move take place. The Regional Director ruled that this rumor was not sufficient to set aside the election. He responded to the Company's assertion that such a rumor would have the effect of causing employees to vote for the Union in hopes that the Union would be able to negotiate favorable severance pay or moving expense provisions by noting that as reasonable an inference could be drawn that employees would not vote for the Union in the hopes of encouraging the Company to remain at its present location. No offer of proof was tendered by the Company to show that, in fact, any employee had changed his vote because of the rumor.[1] The effect of such a rumor is ambiguous at best. In the absence of an offer of proof, the investigator was entitled to draw any reasonable inference from the evidence. *N.L.R.B. v. O. S. Walker Co., Inc.*, supra, 469 F.2d at 819. The Board concluded, and we affirm, that the Regional Director's inference was not unreasonable. The burden rests with the party urging that an election be set aside. That burden, as we have noted elsewhere, is a heavy one, *Solon Mfg. Co. v. N.L.R.B.*, 544 F.2d 1108, 1111 (1st Cir. 1976), which the Company here has failed to shoulder.[2]

---

1. The Company maintained that an employee, David Thomas, had said that the rumor had affected the election. And yet, when interviewed by a Board agent, Thomas stated that he had not changed his vote because of it. Furthermore, the Regional Director found that no employee interviewed during the investigation indicated that his vote was in any way affected by hearing the rumor. Thomas' claim that he *felt* that other employees had changed their vote is not the type of convincing proof sufficient to overturn the Regional Director's findings.

2. Since the proceedings in the instant case, the Board has articulated a standard for upsetting elections which tightens the requirements and limits the ability of a disappointed party to urge that an election be set aside. *Shopping Kart Food Market, Inc.*, 228 NLRB No. 190, 94 LRRM 1705 (1977). Since the Company here is unable to prevail even on the basis of the pre-existing more liberal standard, *see Hollywood Ceramics Co.*, 140 NLRB 221 (1962), we need not consider the effect of the new standard.

■ The Regional Director determined that the Company's second allegation concerning the termination of a former employee involved no misrepresentation on the part of the Union. The former employee had resigned more than one month prior to the election and other employees quickly learned of the fact. There was some feeling that he had resigned under pressure by the Company. However, there was no evidence that the Union had claimed that he had been terminated for union activities. Rather, the evidence indicated the Union stated that, *if* he had been terminated for union activity, the Union would do something on his behalf. Two days before the election, the Union filed an unfair labor practice in relation to the resignation. Thereafter, the charge was dismissed by the Regional Director for insufficient evidence. The Board affirmed the Regional Director's finding that there was no evidence to suggest that the Union had misrepresented the resignation and further stated that, even had the Union misrepresented the situation, this was an instance where the employees would have no reason to believe that the Union's information was any more accurate than their own and that the employees could accordingly assess any such union representation. *See N.L.R.B. v. International Equipment Co., Sub., Damon Corp.*, 454 F.2d 686, 688 (1st Cir. 1972). We find no error here.

■ The third claim involved a purported misrepresentation by the Union of contract improvements it had negotiated with another company, Ryder Truck Rental of Portland. The investigation revealed that the Union, in response to alleged Company statements that the employees would lose benefits if the Union came in, claimed certain benefits won in another contract with Ryder. There was no material misrepresentation found by the Board in the open letter which the Union circulated nine days before the election. The Union claimed improved pay, holiday and sick pay benefits. The Board, in ruling that the claim of increased sick pay was not untrue, found that, though there was no separate increase for sick pay, since sick pay was tied to the wage rate, it increased as a function of the increased pay. Furthermore, the Board noted that this was not an eleventh hour pronouncement, timed so as to deprive the Company of opportunity for adequate response. *Compare Cross Baking Co. v. N.L.R.B.*, 453 F.2d 1346, 1350 (1st Cir. 1971). The letter was circulated nine days prior to the election and contained a statement urging the employees to contact the Ryder employees to verify the information. In fact, some employees had obtained a copy of the Ryder contract before the election and thus had the opportunity to appraise the Union's claims themselves. *Compare N.L.R.B. v. Trancoa Chemical Corp.*, 303 F.2d 456, 460 (1st Cir. 1962). The Company itself had seen the open letter two days prior to the election and could have rebutted any portion it wanted. *Cross Baking Co., supra*, 453 F.2d at 1349. The record supports the Board's findings.

In resolving not to bargain with the Union following certification by the Board, the Company's position has been that the election should be set aside. In addition to the substantive complaints discussed above, the Company asserts that the Board erred as a matter of law in not including as part of the record certain material and in dispensing with an oral hearing.

■ Turning first to the assertion that the Board erred in not requiring an evidentiary hearing, we note, as we have in the past, that broad discretion reposes in the Board on this question. *Solon Mfg. Co., supra*, 544 F.2d at 1110. A hearing is required only where substantial and material factual issues exist. 29 C.F.R. § 102.69(d); *Baumritter Corp. v. N.L.R.B.*, 386 F.2d 117, 120 (1st Cir. 1967). To raise a substantial and material factual issue, it was incumbent on the Company to come forward with specific evidence to challenge the Regional Director's finding that the plant relocation rumor did not affect employees' votes. The offer of proof necessary to require a hear-

ing must be based on more than a mere difference of opinion with the Regional Director's inferences and conclusions. It must point to specific evidence which will be presented to controvert those findings, *N.L.R.B. v. Target Stores, Inc.,* 547 F.2d 421, 425 (8th Cir. 1977), and which prima facie would warrant setting aside the election. *N.L.R.B. v. O. S. Walker Co., Inc., supra,* 469 F.2d at 818. The Company's argument that an issue of credibility was raised by employee David Thomas' claim that he *felt* that some employees had changed their vote because of the plant relocation rumor is not the kind of specific evidence needed to carry the Company's burden. The Regional Director's investigation revealed no employee who had changed his vote as a result of the rumor. Employee Thomas' statement that he "felt" that the rumor affected the vote, while disclaiming any effect on his own vote, does not rise above the level of speculation and conjecture. The Company came forth with no sufficient reason for requiring a hearing and the Board did not abuse its discretion in refusing to grant one.

The Company also forwards as error the Board's refusal to consider as part of the formal record certain unsigned and signed statements of employee David Thomas, to the effect that he felt that the rumor affected the election. The Company attempted to submit Thomas' statement—both the signed and unsigned versions—on three separate occasions, all after the time for filing exceptions and supporting briefs to the Regional Director's report had expired. The Board rejected the material as untimely. We need not reach the question, urged by the Company, of whether an unsigned statement, given by Thomas to a Board agent during the investigation, is properly considered "documentary evidence" as that term is used in 29 C.F.R.

§ 102.69(g).[3] It is clear that the statement, originally given orally to the Regional Director's representative, in the presence of the Company attorney, was part of the evidence on which he based his decision. The fact that the Regional Director did not interpret it in the manner desired by the Company and failed to mention it imports no reviewable issue. He is not required to comment on every bit of evidence gathered during an investigation. Given the ambiguous nature of Thomas' statement and its minimal probative value, we see no error by the absence of any reference to it.

The other issues raised before the Board and not repeated here include no grounds for reversing the Board's findings. The orders are enforced. Costs awarded petitioner.

---

**3.** The regulation, in pertinent part, reads as follows:

> The notice of hearing, motions, rulings, orders, stenographic report of the hearing, stipulations, exceptions, documentary evidence, . . . shall constitute the record in the case. Materials other than those set out above shall not be a part of the record; except that in a proceeding in which no hearing

is held, a party filing exceptions to a regional director's report on objections or challenges, a request for review of a regional director's decision on objections or challenges, or any opposition thereto, may append to its submission to the Board copies of documents it has timely submitted to the regional director and which were not included in the report or decision.