NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

MORGAN HEALTH CARE CENTER,
INC., Respondent.

No. 79–1245.

United States Court of Appeals,
First Circuit.

Argued Dec. 4, 1979.

Decided March 3, 1980.

R. Michael Smith, Atty., Washington, D.C., with whom John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and Howard E. Perlstein, Atty., Washington, D.C., were on brief for petitioner.

David F. Sweeney, Warwick, R.I., with whom Breslin & Sweeney, Warwick, R.I., was on brief, for respondent.

Before COFFIN, Chief Judge, Campbell and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

We review in this case an unfair labor practices order issued by the National Labor Relations Board against respondent, Morgan Health Care Center (Center). The Center defends it refusal to bargain with the Union,[1] which won a representation election at the Center by one vote, on the ground that a registered nurse, who was a Union organizer, circulated a rumor the day before the election that precluded free and fair balloting. Her message, delivered to a significant number of employees, given the closeness of the vote, was that the Hospital intended to rehire an unpopular supervisor after the election. The Board's Regional Director, after conducting an investigation, concluded that this conduct did not warrant setting aside the election. The Board thereafter refused to review this decision because it thought the Center's objection raised no substantial issues. The Center then refused to bargain with the Union in order to generate an unfair labor practices order that would allow judicial review of the Board's disposition of the underlying complaint. The Board issued its order and here seeks enforcement thereof. We affirm the Board's ruling and grant enforcement of the order.

A party urging that a court overturn the Board's decision that a campaign incident does not require an election to be set aside faces a heavy burden. The Board has the responsibility for developing and applying standards to insure free and fair representation elections, and a court will reverse the Board's evaluation in a particular case only when it appears that the Board has abused its discretion. *E. G., Solon Mfg. Co. v. NLRB*, 544 F.2d 1108 (1st Cir. 1976); *NLRB v. O.S. Walker Co., Inc.*, 469 F.2d 813 (1st Cir. 1972).

During the course of litigation in this case, the Board abandoned the short-lived standard of *Shopping Kart Food Market, Inc.*, 228 N.L.R.B. 1311 (1977), for evaluating the gravity of campaign misstatements by a party to the election contest. After the Regional Director conducted his investigation and made his report, and the Board denied review, the Board readopted the more demanding standard announced in *Hollywood Ceramics Co.*, 140 N.L.R.B. 221 (1962). *See General Knit of California, Inc.*, 239 N.L.R.B. 101 (1978). The Center's objection to the rumor was thus considered under the rule of *Hollywood Ceramics* by a majority of the board only when granting summary judgment against the Center on the unfair labor practices charge. Should *Hollywood Ceramics* properly apply to the Center's objections, a difficult question is raised as to whether the Board has adequately weighed the sufficiency of the Center's objection. *Compare Melrose-Wakefeld Hospital Ass'n, Inc. v. NLRB*, 615 F.2d 563, No. 79–1324 (1st Cir. Feb. 21, 1980) *with NLRB v. Mosey Mfg. Co.*, 595 F.2d 375 (7th Cir. 1979). We need not address this question, however, for it is clear to us that the Regional Director and the Board properly applied an alternative standard to the nurse's remarks which has not changed since the election was held.[2]

Misrepresentations not attributable to either party require the setting aside

---

1. District 1199, Rhode Island, National Union of Hospital and Health Care Employees, RWDSU, AFL–CIO.

2. The record in this case obscures the actual grounds relied on by the Regional Director and the Board. Both applied the tests for statements by a party, but the Regional Director also found that the nurse's statements could not be attributed to the Union and proceeded to determine that the non-party statements did not create an atmosphere of fear and coercion. The Board affirmed all the Regional Director's findings and conclusions. This court will not substitute modified theories upon which the Board has not relied. *NLRB v. Globe Mfg. Co.*, 544 F.2d 1118, 1120 (1st Cir. 1976). Here, however, we believe it is fair to say that the lack of agency between the nurse and the Union was an alternate theory relied on below. Elucidation of this theory occupied two prominent and indeed climactic paragraphs of the Regional Director's treatment of the Center's objection to the pre-election statement. The parties have briefed this question and we perceive neither unfairness nor any disruption to an orderly process of judicial review stemming from our reliance on this ground in affirming the Board.

of the election only when they create such an atmosphere of fear and coercion that free and fair elections have been rendered impossible. *E. g., Melrose-Wakefield Hospital Ass'n, Inc., supra,* at 567–568; *Federal Electric Corp. v. NLRB,* 539 F.2d 1043, 1044 (5th Cir. 1976). Here, the Regional Director concluded that there was no evidence to attribute the nurse's statements to the Union. He accepted the Center's contention that the nurse had been active in the Union's organizing campaign at the Center. However, he noted that the Board had previously ruled that such participation in a union's efforts at organization does not suffice to establish an agency relationship between the actor and a union absent evidence that the union "either authorized or condoned any of the questioned conduct." *Owens-Corning Fiberglass Corp.,* 179 N.L.R.B. 219, 223 (1969), *enf'd,* 435 F.2d 960 (4th Cir. 1970). Finding no indication of Union authorization or condonation, the Regional Director declined to hold the rumor was attributable to the Union. This decision was well within his discretion.

Pursuing this analysis, we address the question whether the nurse's conduct so poisoned the environment of the election that the employees' choice could not be free. The Regional Director found no evidence that the employees had voted for the Union from a fear that the rumor was true. This evaluation has a reasonable basis in fact. The nurse did not claim that the outcome of the election would influence the Center's decision whether to rehire the unpopular supervisor. Thus, the rumor, even if taken by the employees as true, may have been irrelevant to the representation election. The Center argues that the employees might have been led to favor the Union as a potential buffer between themselves and the supervisor; however, the record contains no evidence that this is so. The most that can be said on the basis of the record is that the rumor had an ambiguous relation to the choice the voters faced.

The situation is similar to that addressed by this court in *NLRB v. S. Prawer & Co.,* 584 F.2d 1099 (1st Cir. 1978), cited by neither party. There, a group of employees spread a rumor the night before an election that the company would relocate after the election. The impact of the rumor on the election was ambiguous. The company claimed that the employees would favor the union because it could better negotiate severance benefits; the Regional Director thought the rumor irrelevant because it did not suggest that the company's plans were contingent on losing the election. The company made no offer of proof that any voter had changed his or her vote because of the misrepresentation. The Regional Director accordingly ruled that the election need not be set aside and the Board denied review. We affirmed, stating: "In the absence of any offer of proof, the investigator was entitled to draw any reasonable inference from the evidence." *Id.* at 1101.

The same principle applies here. The significance of the rumor is open to differing reasonable interpretations. The Regional Director chose one rational interpretation and the Center offered no evidence to rebut his conclusion. We cannot say that the Regional Director's drawing of this inference was unwarranted or an abuse of discretion. *See NLRB v. International Equip. Co.,* 454 F.2d 686, 688 (1st Cir. 1972).

■ The Center also argues that even if the Board's conclusion was reasonable on the basis of the record before it, the Board should have conducted an evidentiary hearing where, the Center urges, the impact of the rumor on the election and its attribution to the Union could be established. However, the Board will only require a hearing where substantial and material issues of fact exist. 29 C.F.R. § 102.69(d). "To raise a substantial and material factual issue, it was incumbent on the Company to come forward with specific evidence to challenge the Regional Director's finding that the . . . rumor did not affect the employees' votes." *NLRB v. S. Prawer & Co., supra,* 584 F.2d at 1102. Here, the record is devoid of any specific evidence offered by the Center on any material issue. It disputes only the soundness of the inferences drawn by the Regional Director.

Such a difference of opinion does not constitute the specific evidence needed to compel the Board to hold a hearing. *Id.* at 1102–03; *Melrose-Wakefield Hospital Ass'n, Inc., supra,* at 571.

*Order enforced.*