**The UNION SAVINGS AND TRUST COMPANY, Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 79–1293.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 9, 1981.

Decided March 17, 1981.

---

Thomas C. B. Letson, Letson, Griffith, Kightlinger & Woodall, Warren, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Corinna Metcalf, N.L.R.B., Washington, D. C., for respondent.

Before EDWARDS, Chief Judge, BOYCE F. MARTIN, Jr., Circuit Judge and TAYLOR, District Judge.*

PER CURIAM.

The Union Savings and Trust Company seeks review of an order of the National Labor Relations Board directing bargaining. The NLRB cross-petitions to enforce its order. The principal issue before us concerns the appropriateness of the bargaining unit determined by the NLRB and, accordingly, whether the bank's refusal to bargain with the certified representative of its employees violates § 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*

Union Savings engages in commercial trust and general banking services in Trumbull County, Ohio. It operates a main office at 106 East Market Street in Warren, Ohio, nine branch banks, and an operation center. All facilities of Union Savings are located within a fifteen-mile radius of its main office. The operation center houses three departments which work together to process information: Proof and Transit, IBM, and Bookkeeping.

On January 12, 1978, the Office and Professional Employees International Union, Local 17, filed a representation petition with the NLRB seeking certification as the representative of the thirty-seven employees at the operation center. At a representation hearing before the Regional Director, Union Savings argued that an appropriate bargaining unit must include all salaried non-officer employees throughout all of its facilities. The Director certified the operation center as an appropriate unit and directed an election. The NLRB denied Union Savings' petition to review the unit determination. The employees at the center then voted for union representation, and the NLRB certified the Office and Professional Employees International Union.

Union Savings refuses to recognize and bargain with Local 17. The day after the election, Union Savings unilaterally changed the schedules of three employees and stopped accepting new customer service accounts, an action which led to the elimination of two jobs. The NLRB found that these actions violate §§ 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. §§ 151 *et seq.*, and it granted summary judgment against Union Savings. Union Savings concedes that it has refused to bargain but challenges the propriety of the bargaining unit.

Union Savings argues that the NLRB disregarded facts which compel certification

* Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation.

of a multi-location unit on the authority of *The Wayne Oakland Bank v. N.L.R.B.*, 462 F.2d 666 (6th Cir. 1972). Union Savings contends that the NLRB incorrectly disregarded the fact that all of its facilities, including the operation center, are parts of a completely integrated enterprise. Furthermore, officers at the main office formulate and implement labor policy which is uniform throughout the bank. Union Savings also points to substantial transfer activity into and out of the departments at the operation center. Finally, the bank claims that local department managers lack the autonomy and authority to establish labor policy or to resolve issues locally that would be the subject of collective bargaining. Rather, the department managers merely direct the daily activities of the employees and are subject themselves to oversight and supervision by officers at the main office.

The NLRB contends that employees at the operation center are a homogeneous, identifiable group with sufficient community of employment interest to comprise an appropriate bargaining unit. These employees compile, transpose, and process data for the computers, in one form or another. This work is unique to the operation center. Employees at other bank locations perform customer services and work in departments such as Loans and BankAmericard which are not housed in the operation center. This case is therefore distinguishable from *Wayne Oakland, supra*, a case involving branch banks, all of which provided the same service.

The operation center houses three departments, the work of which is functionally integrated. Employees in these departments have considerable contact with each other because of the nature of their work. The evidence does not show that they have significant contact with employees in branch offices, nor does it show substantial transfer activity, either permanent or temporary, between the center and the other bank facilities.

The evidence supports the NLRB's finding that the operation center is sufficiently autonomous to comprise a bargaining unit. The managers at the center have the authority to hire, fire, and discipline employees in their departments. Although decisions are made generally after consultation with Mr. Ransom or Mr. Heiser, Personnel Manager and Vice President, respectively, this fact is inconclusive. Salary increases are based on evaluation reports that the department managers prepare. Similarly, promotions are based on recommendations that the managers make. Managers also take initial steps to discipline employees who are tardy or absent too frequently. The managers at the center also schedule working hours for their employees, a significant fact since the hours at the center differ markedly from those at the main office and branches. Furthermore, managers at the operation center authorize overtime and schedule vacations.

Reviewing the facts as the Board did, we conclude that substantial evidence supports its findings. The Board did not abuse its discretion in concluding that the operation center is an appropriate bargaining unit. Although the center may not be the most appropriate or convenient unit, it is not our responsibility to determine whether the NLRB certified the best possible bargaining unit. *Meijer, Inc. v. N.L.R.B.*, 564 F.2d 737 (6th Cir. 1977).

Union Savings has admitted that it refused to bargain and that it unilaterally changed the conditions of employment at the operation center after the election. These actions violate §§ 8(a)(5) and (1) of the National Labor Relations Act. Accordingly, we deny the bank's petition and grant enforcement of the Board's order in full.