NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

FUELGAS COMPANY, INC., Respondent.

No. 80–1760.

United States Court of Appeals, Sixth Circuit.

Argued March 2, 1982.

Decided March 23, 1982.

Elliott Moore, Deputy Associate Gen. Counsel, Andrew Tranovich, N. L. R. B., Washington, D. C., for petitioner.

John M. Miller, Findlay, Ohio, for respondent.

Before MARTIN, Circuit Judge, WEICK, Senior Circuit Judge, and CHURCHILL,* District Judge.

PER CURIAM.

In this case, the NLRB seeks enforcement of a bargaining order issued against Fuelgas Company, Inc. Fuelgas, a distributor of propane gas, maintains offices in 26 Michigan communities. In 1979, Local 486, a Teamsters affiliate, organized the employees at Fuelgas' West Branch and Rose City facilities and sought certification as their collective bargaining representative. Over Fuelgas' objections, the Board determined that these employees constituted an appropriate bargaining unit and ordered an election.

The election, held October 5, 1979, produced a 9–1 Union majority. Fuelgas objected to the election, raising the possibility that the Union's election observer had de-

faced a sample ballot posted in the West Branch employees' room. The Regional Director investigated this incident, found that the Union's election observer was not in fact responsible for the defacement, and certified the Union. The Board denied a request by the employer for review of the Regional Director's decision. Fuelgas subsequently refused to bargain with the Union and the Board issued the bargaining order presently in dispute.

Fuelgas advances two reasons for its continued refusal to bargain. First, it contends, the only appropriate bargaining unit in its case would consist of *all* Fuelgas employees at *all* 26 offices. It claims that the Board abused its discretion in certifying a bargaining unit limited to the employees of two "branch" offices. Second, Fuelgas argues that it is entitled to an evidentiary hearing before the Board on its election objection.

We deal first with the contention that the bargaining unit as certified is inappropriate. It is axiomatic that the Board has broad discretion in bargaining unit determinations. *Packard Motor Co. v. NLRB*, 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947); *South Prairie Construction Co. v. Local 627*, 425 U.S. 800, 805–806, 96 S.Ct. 1842, 1844–1845, 48 L.Ed.2d 382 (1976). It is also well-settled that the question on review is whether the certified unit "is *an* appropriate unit, and not whether it is *the* appropriate unit or if another unit might have been more suitable." *Michigan Hospital Services Corp. v. NLRB*, 472 F.2d 293, 294 (6th Cir. 1972).

In the present case, the Board has shown that the managers of Fuelgas' branch offices enjoy considerable autonomy from the central office in labor relations matters such as hiring, discipline, work assignments, salary increases, and promotions. The workers at the various branches have little contact with one another and are seldom transferred from one branch to another. Thus, there is ample support for the Board's conclusion that all Fuelgas offices

---

* Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation.

need not be included in an "appropriate" bargaining unit. *See Union Savings & Trust Co. v. NLRB*, 643 F.2d 1249, 1251 (6th Cir. 1981); *Meijer v. NLRB*, 564 F.2d 737, 740–41 (6th Cir. 1977); *Prudential Insurance Co. v. NLRB*, 529 F.2d 66, 68 (6th Cir. 1976). Furthermore, the Board properly determined that the West Branch and Rose City offices together are an appropriate "single plant" unit, inasmuch as they are only 14 miles apart and are under the control of a single branch manager whose policies apply equally at both locations.

■ Fuelgas' second argument on appeal is similarly without merit. In order to obtain an evidentiary hearing on election objections, the moving party must raise "substantial and material factual issues" which, if credited, would warrant setting aside the election. 29 C.F.R. § 102.69(d). "In order to raise 'substantial and material factual issues', it is necessary for a party to do more than question the interpretation and inferences placed upon the facts by the Regional Director." *NLRB v. Tennessee Packers, Inc.*, 379 F.2d 172, 178 (6th Cir. 1967). Fuelgas has not satisfied that burden here.

In support of its request for a hearing, Fuelgas offered only the following information: (1) that someone had marked the "Yes" column on the posted sample ballot; and (2) that the Union's election observer was present at the office and had access to the bulletin board at the time the ballot was defaced. This "showing" is insufficient to entitle Fuelgas to relief.

First, even if we assume, contrary to the Regional Director's investigative findings, that the Union's observer did deface the sample ballot, it is not at all clear that Fuelgas would have grounds for relief absent evidence that the Union had authorized or condoned the misconduct. *See NLRB v. Morgan Health Care Center*, 618 F.2d 127, 129 (1st Cir. 1980). Second, and more important, is the fact that irrespective of the authorship of the marks on the sample ballot, Fuelgas has offered no evidence whatsoever that the defacement affected the fairness of the election. When the employer fails to come forward with *some*

indicia of unfairness, the Board is not obligated to grant an evidentiary hearing. *Id.* at 130; *NLRB v. S. Prawer & Co.*, 584 F.2d 1099, 1101 (1st Cir. 1978). To hold, as Fuelgas appears to suggest, that a single incident involving an anonymous mark penciled on a sample ballot automatically indicates an unfair election would stretch the rule of *Allied Electric Products*, 109 N.L.R.B. 1270 (1954), and its progeny beyond the limits of reason and common sense.

We cannot condone the Regional Director's apparent failure to transmit the entire record in this case to the Board. Indeed, this court has not hesitated to remand any case in which the Regional Director's omission could possibly have prejudiced the objecting party. *Prestolite Wire Division v. NLRB*, 592 F.2d 302 (6th Cir. 1979); *NLRB v. Curtis Noll Corp.*, 634 F.2d 1027 (6th Cir. 1980); *NLRB v. North Electric Co.*, 644 F.2d 580 (6th Cir. 1981). Here, however, we are convinced that a remand could not avail Fuelgas and would only cause further delay in the vindication of its employee's collective bargaining rights. We recently reached a similar conclusion in *Revco, Inc. v. NLRB*, 653 F.2d 264 (6th Cir. 1981).

Accordingly, we grant enforcement of the Board's orders.