859 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ALLMAND ENTERPRISES, INC., d/b/a Allmand Associates, Inc., Respondent.
 No. 87-6120.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, District Court Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Petitioner National Labor Relations Board seeks enforcement of its decision and order in which it found respondent Allmand Enterprises, Inc., had engaged in unfair labor practices in violation of Sec. 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. Sec. 151 et seq., by refusing to bargain with the union elected to represent employees in Allmand's mold-making operations. Allmand's primary argument before this court is that the Board's bargaining unit determination was arbitrary and an abuse of discretion. Because we find the Board's bargaining unit determination was an appropriate one, we enforce the Board's decision and order.
 
 
 2
 Allmand manufactures zinc alloy prototype and production molds and injection-molded plastic parts at its facility in Livonia, Michigan. The operations of the company, which has approximately 130 employees, are divided into two divisions: the Skilled Division and the Production Division. Skilled Division employees include model makers, pattern makers, mold makers, upgraders, plastic laminators, fixture builders, quality control employees, foundry employees, maintenance employees, and mold technicians. On November 13, 1986, the union (Pattern and Model Makers Association of Warren and Vicinity, Pattern Makers' League of North America, AFL-CIO) filed a representation petition, seeking to represent a craft unit consisting of all Skilled Division employees except foundry employees, maintenance employees, and mold technicians. In opposition, Allmand contended that the bargaining unit should consist of all Skilled Division employees. On January 20, 1987, after an evidentiary hearing, the Regional Director found an appropriate bargaining unit to include all Skilled Division employees except maintenance employees and mold technicians, and directed a representation election. The National Labor Relations Board, in a 2-1 decision, denied Allmand's request for review of the Regional Director's decision. Following a secret ballot election in which bargaining unit employees chose union representation, Allmand refused to bargain with the union, contending that the bargaining unit classification was inappropriate. On July 27, 1987, the National Labor Relations Board found Allmand in violation of 29 U.S.C. Sec. 158(a)(5) and (1), and ordered the company to bargain. The Board now seeks enforcement of this order pursuant to Sec. 10(e) of the National Labor Relations Act, 29 U.S.C. Sec. 160(e).
 
 
 3
 Section 9(b) of the Act, 29 U.S.C. Sec. 159(b), empowers the Board to determine appropriate bargaining units: "The Board shall decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by [the Act], the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof[.]" The Supreme Court has said that Sec. 9(b) "confers upon the Board a broad discretion to determine appropriate units," and that
 
 
 4
 [t]he issue as to what unit is appropriate for bargaining is one for which no absolute rule of law is laid down by statute, and none should be by decision. It involves of necessity a large measure of informed discretion and the decision of the Board, if not final, is rarely to be disturbed.
 
 
 5
 Packard Motor Car Co. v. National Labor Relations Board, 330 U.S. 485, 491 (1947). Thus, the scope of this court's review of the Board's bargaining unit determination is " 'exceedingly narrow.' The Board's determination should be upheld unless it is arbitrary, unreasonable or an abuse of discretion." National Labor Relations Board v. American Seaway Foods, Inc., 702 F.2d 630, 632 (6th Cir.1983) (citations omitted). "Furthermore, we consider only whether the [Board] selected an appropriate bargaining unit rather than the most appropriate unit." National Labor Relations Board v. First Union Management, Inc., 777 F.2d 330, 333 (6th Cir.1985) (emphasis in original).
 
 
 6
 In light of this narrow scope of judicial review, we hold that the Board's bargaining unit determination was not arbitrary, unreasonable, or an abuse of discretion. Although the Board arguably did not select the most appropriate bargaining unit, it did select an appropriate unit. For reasons set forth in the Board's decision and order, we find the company's secondary argument that it was denied due process for lack of post-election hearing to resolve five election ballot challenges to be without merit.
 
 
 7
 The decision and order of the National Labor Relations Board is ENFORCED.
 
 
 8
 NATHANIEL R. JONES, Circuit Judge, concurring.
 
 
 9
 I concur in the result reached in the majority opinion. I concur separately, however, to state my view of the irrelevancy of the difference between "the" most appropriate bargaining unit and "an" appropriate bargaining unit.
 
 
 10
 Under the Act and the decided cases, it is well established that any unit that conforms with the overriding policy of the Act is an appropriate unit. Indeed, it does not matter whether the Board selected the most appropriate unit. NLRB v. Fuelgas Co., Inc., 674 F.2d 529, 530 (6th Cir.1982) (per curiam) ("It is also well settled that the question on review is whether the certified unit 'is an appropriate unit, and not whether it is the appropriate unit, if another unit might have been more suitable.' " Citing Michigan Hospital Services Corp. v. NLRB, 472 F.2d 293, 294 (6th Cir.1972) (emphasis in original)).
 
 
 11
 Resolving the question of the selection of an appropriate bargaining unit rests in the Board's sound discretion. NLRB v. First Union Management, Inc., 777 F.2d 330, 332 (6th Cir.1985). Once the Board is held not to have abused its discretion, it is not necessary to grade the degree of appropriateness.---------------
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation