**FEDERAL ELECTRIC CORPORATION,**
Petitioner-Cross Respondent,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent-Cross Petitioner.

No. 76–1966
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 29, 1976.

Harry L. Browne, Stanley E. Craven, Kansas City, Mo., for petitioner-cross respondent.

Elliott Moore, Deputy Assoc. Gen. Counsel, John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Assoc. Gen. Counsel, Paul J. Spielberg, Joseph A. Oertel, Attys., N.L.R.B., Washington, D. C., for respondent-cross petitioner.

Harold A. Boire, Reg. Director, Region 12, Tampa, Fla., for other interested parties.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

On April 4, 1975, the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators (IATSE) won a representation election conducted among the petitioner's employees. Petitioner challenged that election as not being

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

conducted under appropriate conditions, but the Board overruled all such objections. Petitioner here argues that the Board erred both in overruling its objections to the election and in denying it a hearing. We find no merit in either argument and grant enforcement.

The disputed election took place at the Kennedy Space Center. Problems began when the Board agent conducting the election disregarded the gate guards and entered the working area without proper security clearance. This caused her to be paged throughout the working area three times while the election was in progress. She eventually even had to close the polls for a short period of time so that she could explain the situation to the security officers. As a result, rumors were spawned that the company had failed to perform its duty of acquiring a clearance badge for the Board agent, a duty which it did not have.

▇▇▇ The petitioner styles these rumors as a "wave of anti-employer sentiment among employees." We note, however, that the burden of proving the unfairness of an election is on the party alleging shortcomings. *N.L.R.B. v. Mattison Machine Works*, 365 U.S. 123, 81 S.Ct. 434, 5 L.Ed.2d 455 (1961). Moreover, the decision of the Board in such a matter is entitled to deference. *Id.; N.L.R.B. v. Laney & Duke Storage Warehouse Co.*, 369 F.2d 859 (5th Cir. 1966). After due consideration, we find that the Board was justified in concluding that petitioner's inference of undue interference with the election is mere speculation.

More importantly, we find this case controlled by *Bush Hog Inc. v. N.L.R.B.*, 420 F.2d 1266 (5th Cir. 1969). The court there held,

> We think it is clear that conduct not attributable to the opposing party cannot be relied upon to set aside an election. The only exception to this general principle . . . is where coercive and disruptive conduct or other action is so aggravated that a free expression of choice of representation is impossible. *See N.L.R.B. v. Smith Industries, Inc.*, 5 Cir. 1968,

403 F.2d 889; *Home Town Foods, Inc. v. N.L.R.B.*, [5 Cir. 1967, 379 F.2d 241]; *N.L.R.B. v. Tampa Crown Distributors, Inc.*, 5 Cir. 1959, 272 F.2d 470. Any other rule would invite third parties or one of the protagonists who doubted the election outcome to anonymously create incidents and then attempt to use them to set aside the election. *Id.* at 1269.

In this case there has been no allegation that the prevailing party, IATSE, was in any way involved in the conduct about which the petitioner complains. We think it clear that the conduct was not so disruptive that "a free expression of choice of representation [was] impossible." *Id.* Consequently, the action of the Board must be upheld.

▇▇▇ Language in *Bush Hog, Inc.*, is also apposite to the petitioner's contention that it should have been afforded a hearing before the Board: "The company failed to make a prima facie case for such a hearing because there was no evidence which if credited would justify setting aside the election." *Id. See also N.L.R.B. v. Golden Age Beverage Co.*, 415 F.2d 26 (5th Cir. 1969). The Board did not abuse its discretion in not allowing a hearing in this case. The Board's order is ENFORCED.