**BAY MEDICAL CENTER, INC.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 76–1881.

United States Court of Appeals,
Sixth Circuit.

Argued June 7, 1978.
Decided Dec. 28, 1978.

William M. Lambert, Lambert & Leser, P. C., Bay City, Mich., for petitioner.

Richard L. Epstein, K. Bruce Stickler, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for Amicus American Hosp. Assn.

Elliott Moore, Deputy Associate Gen. Counsel, John H. Ferguson, N. L. R. B., Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for respondent.

Before PHILLIPS, Chief Judge, MER-RITT, Circuit Judge, and BALLANTINE,* District Judge.

MERRITT, Circuit Judge.

■ In 1974 Congress amended the National Labor Relations Act to bring non-profit hospitals like the petitioner, Bay Medical Center, within the statutory jurisdiction of the National Labor Relations Board.[1] The purpose of the amendment was to give hospital employees the "coverage and protections" of the National Labor Relations Act.[2]

■ The question in this case is whether the Board abused its discretion when it determined that a bargaining unit of "technical employees" at the Medical Center was appropriate under section 9(b) of the Act, even though it did not include licensed practical nurses (LPN's).[3] We hold that the Board's decision was a reasonable exercise of its discretion to determine the appropriateness of bargaining units.

## I

In 1972, two Bay City, Michigan, hospitals, the Sisters of Mercy Hospital and the General Hospital, merged and became the Bay Medical Center. The Medical Center has operated each facility as a separate division of a single non-profit corporation.[4]

In the fall of 1974, the Teamsters Union, Local 486, petitioned the Board, seeking to represent two separate bargaining units of technical employees at both the Mercy and General divisions of the Medical Center, or, alternatively, to represent a combined unit of the same technical employees.

With members Kennedy and Penello dissenting, the Board, on June 18, 1975, determined that a combined unit of technical employees at both Mercy and General was appropriate and accordingly directed an election. The Board concluded, however, that it would not be appropriate to include LPN's in the unit. 218 N.L.R.B. 620 (1975). It admittedly departed from its policy of including LPN's in technical employee units. The Board based this conclusion on a finding that the LPN's at General were already represented by a union and were under an existing labor agreement with the Medical Center:

> While a majority of the Board still adheres to the view that LPN's properly belong in a unit with other technical employees, it is not so wedded to it that it will blindly require the inclusion of LPN's in every situation in which a unit of technical employees is sought. Exception will be made where circumstances warrant it. The instant case, in our view, qualifies as such an exception. Thus, we find, for the reasons set forth below, that in this case it would be error to include LPN's in the technical unit found appropriate above.

.    .    .    .    .

In the instant case, the record indicates an established bargaining history among the LPN's at General who are currently represented for collective-bargaining purposes by [the Michigan Licensed Practical

---

* The Honorable Thomas Ballantine, Judge, United States District Court for the Western District of Kentucky, sitting by designation.

1. Pub.Law 93–360, 88 Stat. 395, *amending* 29 U.S.C. §§ 151–68 (1976).

2. See S.Rep.No.93–766, 93d Cong., 2d Sess. 3 (1974); 2 U.S.Code Cong. & Admin.News, pp. 3946, 3948 (1974).

3. NLRA § 9(b), 29 U.S.C. § 159(b), empowers the Board to "decide in each case whether, in order to secure the fullest freedom in exercising the rights guaranteed by this Act, the unit appropriate for collective bargaining shall be the employer unit, craft unit, plant unit, or subdivi-

sion thereof." Determinations under this section involve "of necessity a large measure of informed discretion and the decision of the Board, if not final, is rarely to be disturbed." *Packard Motor Car Co. v. NLRB*, 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947).

4. In 1974 the Michigan Department of Public Health found that the facilities at both Mercy and General were inadequate and ordered the Medical Center to build new facilities. The Center undertook construction of a single new hospital building to house the combined operations of Mercy and General. The project was scheduled for completion in 1977.

Nurses Association], which has a contract with the Employer that will not expire until February 1, 1977. We do not desire to upset the stability inherent in that bargaining relationship by disenfranchising the LPN's at General and including them in the above technical unit. Nor do we think it proper to include in the above technical unit the LPN's at Mercy who are currently unrepresented. Such a finding would have the anomalous effect of fractionalizing the representation of the LPN's employed by the Employer, a state of affairs which we are congressionally mandated to avoid. (However, we wish to reiterate that our exclusion of LPN's from this technical unit is restricted to the facts of this particular case.) 218 N.L.R.B. at 621.

An election was conducted a month later and the Union won a majority of votes. The Medical Center filed objections on the ground that the Board's determination of the technical employee unit absent LPN's was inappropriate. The Hearing Officer recommended that the Medical Center's objection be overruled and that the Regional Director issue the appropriate union certification. The Regional Director dismissed the Medical Center's exceptions and certified the Union as the technical unit's bargaining representative. On November 11, 1975, the NLRB denied review of the Regional Director's certification.

After certification, the Union filed charges that the Medical Center was refusing to bargain in violation of NLRA §§ 8(a)(5) and (1), 29 U.S.C. § 158(a)(5) and (1). The Medical Center admitted the refusal to bargain but denied that it constituted an unfair labor practice. The Medical Center contended that the Board's determination of a technical employee unit which did not include LPN's was an abuse of the Board's discretion. The Board granted

summary judgment to the Union and ordered the Medical Center to bargain. 224 N.L.R.B. 69 (1976). The case comes to this Court on the Medical Center's petition for review and on the NLRB's cross-petition for enforcement of the bargaining order.

## II

Congress acknowledged the potential for damage to the nation's health care that might attend disruptive labor relations in the hospital industry when it extended the benefits of the NLRA to non-profit hospital employees. Congress feared that jurisdictional disputes and strikes for recognition could compromise patient care, the consequences of which would be "far more serious . . . than a break in an industrial plant's production."[5] Congress was also apprehensive lest union activity lead to increased medical costs:

> In analyzing the issue of bargaining units, the Board should also consider the issue of the cost of medical care. Undue unit proliferation must not be permitted to create wage "leapfrogging" and "whipsawing."[6]

To guard against these evils, Congress instructed that "[d]ue consideration . . . be given by the Board to preventing proliferation of bargaining units in the health care industry."[7]

The Medical Center argues that this congressional directive against undue proliferation limits the Board's traditionally broad discretion to determine what bargaining units are appropriate.[8] The Medical Center further contends that the Board's decision not to include LPN's in the technical employee unit was an abuse of this circumscribed discretion.

■ It is settled that the Board must "disclose the basis of its order" and "give

---

5. *St. Vincent's Hospital v. NLRB*, 567 F.2d 588, 590 (3d Cir. 1977). *See also* S.Rep.No.93–766, 93d Cong., 2d Sess. 3 (1974), 2 U.S.Code Cong. & Admin.News at 3948 (1974); Vernon, *Labor Relations in the Health Care Field Under the 1974 Amendments to the National Labor Relations Act*, 70 Nw.L.Rev. 202, 215–16 (1975).

6. 120 Cong.Rec.S. 6940–41 (May 2, 1974) (remarks of Sen. Taft).

7. S.Rep.No.93–766, 93d Cong.2d Sess. 3 (1974); U.S.Code Cong. & Admin.News 1974, p. 3950.

8. *See* note 2 *supra*.

[a] clear indication that it has exercised the discretion with which Congress has empowered it" when exercising its discretion to determine the appropriateness of bargaining units. *Phelps Dodge Corp. v. NLRB*, 313 U.S. 177, 197, 61 S.Ct. 845, 854, 85 L.Ed. 1271 (1941). When the Board departs from its usual policies, "it is essential that the 'reasons for the decisions in and distinctions among these cases' be set forth to dispel any appearance of arbitrariness." *Memorial Hospital of Roxborough v. NLRB*, 545 F.2d 351 (3d Cir. 1976), *quoting NLRB v. Metropolitan Life Insurance Co.*, 380 U.S. 438, 442, 85 S.Ct. 1061, 13 L.Ed.2d 951 (1965).

Here, the Board was required to reconcile the policy against undue unit proliferation in the health care industry with the policy against disruption of existing, harmonious, bargaining relationships. The Board distinguished its earlier decisions[9] in which LPN's were included in technical units on the ground that in none of the earlier cases did there exist a prior collective bargaining relationship between LPN's and the hospital.

The Medical Center argues, however, that the Board's reluctance to interfere with an existing bargaining relationship is not reason enough to justify deviation from its established policy. We do not accept this position. It would, in effect, establish a general rule that LPN's *must* be included in technical units. We refuse to deprive the Board of the flexibility it needs to fashion bargaining units to fit peculiar fact situations.

Courts have long recognized that the Board may take bargaining history into account when determining whether a proposed bargaining unit is appropriate.[10] Congress also recognized that bargaining history should continue to be a relevant concern in the health care field. When the 1974 amendments were debated on the Senate floor, Senator Williams, chairman of the committee that drafted the amendment, stated:

. . . The National Labor Relations Board has shown good judgment in establishing appropriate units for the purposes of collective bargaining, particularly in wrestling with units in newly covered industries. While the Board has, as a rule, tended to avoid an unnecessary proliferation of collective bargaining units, sometimes circumstances require that there be a number of bargaining units among nonsupervisory employees, *particularly where there is such a history* in the area . . . . .

While the committee clearly intends that the Board give due consideration to its admonition to avoid an undue proliferation of units in the health care industry, it did not within this framework intend to preclude the Board acting in the public interest from exercising its specialized experience and expert knowledge in determining the appropriate bargaining units.

120 Cong.Rec. § 12104 (July 10, 1974) [emphasis added].

None of the recent decisions from other circuits relied on by the Medical Center supports its contention that the NLRB has abused its discretion in this case. In *Memorial Hospital of Roxborough v. NLRB*, 545 F.2d 351 (3d Cir. 1976), and *Long Island College Hospital v. NLRB*, 566 F.2d 833 (2d Cir. 1977), *cert. denied* 435 U.S. 996, 98 S.Ct. 1647, 56 L.Ed.2d 84, the courts reversed because the Board extended "comity" to findings made by state labor boards and thus made no independent determination of the appropriateness of the bargaining units in light of Congress' directive to avoid undue proliferation. In *St. Vincent's Hospital v. NLRB*, 567 F.2d 588 (3d Cir. 1977), the Board applied a standard for determining

---

9. *St. Catherine's Hospital, Inc.*, 217 N.L.R.B. 787 (1975); *Barnert Memorial Hospital Center*, 217 N.L.R.B. 775 (1975).

10. *Libby-Owens Ford Co. v. NLRB*, 495 F.2d 1195, 1200 (3d Cir.), *cert. denied* 419 U.S. 998, 95 S.Ct. 313, 42 L.Ed.2d 272 (1974); *NLRB v.*

*Zayre Corp.*, 424 F.2d 1159, 1165 (5th Cir. 1970); *American Bread Co. v. NLRB*, 411 F.2d 147, 153 (6th Cir. 1969); *NLRB v. Porter County Farm Bureau*, 314 F.2d 133, 136 (7th Cir. 1963).

appropriateness developed for other industries without giving any consideration to the special problems of the health care industry. In *NLRB v. West Suburban Hospital*, 570 F.2d 213, 216 (7th Cir. 1978), the Seventh Circuit determined that the Board had given "mere lip-service mention of the Congressional admonition as a factor to be taken into account, without any indication . . . as to the manner in which its unit determination . . . implemented or reflected that admonition."

■ Here, the NLRB's determination not to include LPN's in a bargaining unit of technical employees was a considered decision in which the Board balanced the policy against undue proliferation of bargaining units with the policy against disrupting existing bargaining relationships. This was the correct standard, and there was a rational basis for the decision. Accordingly, we affirm the Board's decision that the Medical Center's refusal to bargain is violative of NLRA §§ 8(a)(1) and (5) and hereby order enforcement of the Board's bargaining order.