**BETH ISRAEL HOSPITAL AND GERIATRIC CENTER, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

and

**Beth Israel Federation of Nurses and Health Professionals AFT/FNHP, CFT, AFL–CIO, Intervenor.**

No. 80–1942.

United States Court of Appeals, Tenth Circuit.

July 20, 1981.

Rehearing Granted Jan. 4, 1982.

John D. Coombe, Denver, Colo. (John M. Husband, Denver, Colo., with him on the brief), of Holland & Hart, Denver, Colo., for petitioner.

Linda Dreeben, Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and John H. Ferguson, N. L. R. B., Washington, D. C., with her on the brief), for respondent.

Michael Radzilowsky, Chicago, Ill. (Lawrence A. Poltrock and Stephen G. Daday, Chicago, Ill., with him on the brief), of DeJong, Poltrock & Giampietro, Chicago, Ill., for intervenor.

Robert J. Janowitz and Gina Kaiser of Roan & Grossman, Kansas City, Mo., filed an amicus curiae brief for American Hospital Association.

Before BARRETT and LOGAN, Circuit Judges, and O'CONNOR, District Judge.*

BARRETT, Circuit Judge.

Beth Israel Hospital and Geriatric Center (Beth Israel) appeals from a National Labor Relations Board (Board) order directing that it bargain with Beth Israel Federation of Nurses and Health Professionals, FNHP/AFT, CFT, AFL–CIO (Union).

Beth Israel is a non-profit corporation operating a hospital, health care institution and geriatric center in Denver, Colorado, under the direction and supervision of a board of directors, administrators, and various administrative support personnel. It operates a combined 300-bed acute care hospital and a 140-bed long term geriatric center. It employs approximately 682 persons, of whom 132 are registered nurses.

On August 31, 1979, Union filed a petition seeking certification as the exclusive representative for a unit comprised of the registered nurses employed at Beth Israel. Thereafter, the Board conducted a four day hearing to determine the appropriateness of Union's requested unit, limited exclusively to registered nurses. Beth Israel maintained that an appropriate unit should include its professional employees with whom the registered nurses worked and shared a significant amount of patient care responsi-

* Of the United States District Court for the District of Kansas, sitting by designation.

bilities. In support thereof, Beth Israel noted that all of its professional employees are subject to centralized hospital management and centralized labor management relations; all share common working conditions; all have common educational requirements; all professionals are required to have licenses, certification, or registration; all share a primary responsibility to the patient; all exercise independent judgment; and, all health care professionals work together in a highly integrated operation.

Beth Israel also argued that Congress, in amending the National Labor Relations Act in 1974 to include employees of non-profit health care institutions, directed the Board to avoid the undue proliferation of bargaining units in the health care industry. Beth Israel further argued that Union's proposed unit comprised exclusively of registered nurses was in direct violation of Congress' mandate and, as such, could not be considered a presumptively appropriate unit.

Within his "Decision and Direction of Election" upholding the appropriateness of a unit limited exclusively to registered nurses, Board's Regional Director held:

The main area of dispute is whether the unit should be restricted to registered nurses . . . or whether the unit should be an all professional unit . . . The Board has consistently held that a unit restricted to registered nurses is a presumptively appropriate one . . . The record discloses that the presumption that registered nurses at Beth Israel constitute an appropriate unit has *not been overcome* by Employer's [Beth Israel] evidence . . . The contacts that the registered nurses have with the other professional employees is of a limited and routine nature. The contacts had by registered nurses with other registered nurses is substantially greater . . . The above facts establish the "singularity" of interest shared by the registered nurses, and I, therefore, find that the requested unit of registered nurses at Beth Israel is an appropriate one.

[R., Vol. III, at p. 956].

On January 25, 1980, following a Board election, Union was duly certified as the exclusive collective bargaining representative of registered nurses only employed at Beth Israel. Thereafter, commencing on or about March 27, 1980, Beth Israel refused, and has continued to refuse to bargain collectively with Union, contending that a unit limited exclusively to registered nurses is inappropriate.

On April 30, 1980, Beth Israel and Union jointly filed a Stipulation for an Entry of Order with the Regional Director in which Beth Israel reiterated its position that a unit comprised exclusively of registered nurses was inappropriate. Subsequent thereto, the Board, pursuant to a motion filed by the General Counsel, transferred the proceeding to itself for findings of fact, conclusions of law and the issuance of a decision and order.

On August 26, 1980, Board entered its decision and order upholding the Regional Director's earlier determination that a unit limited exclusively to registered nurses employed by Beth Israel was appropriate. In so doing, the Board found, *inter alia:*

In their joint motion, all parties stipulated that the Union was certified as the bargaining representative for an appropriate unit of registered nurses pursuant to a Board conducted election on January 16, 1980. Since the submission of the joint motion herein, the Board has had occasion in its recent decision in *Newton-Wellesley Hospital*, 250 NLRB No. 86, to reexamine the appropriateness of a unit of registered nurses and to consider contentions that the Board had been finding registered nurses units appropriate *per se* without evaluating countervailing evidence concerning the relationship between registered nurses and other professional employees. After a thorough examination of all of the evidence in *Newton-Wellesley*, we concluded that the registered nurses there comprised a separate appropriate unit. Here, while the Regional Director issued his decision in the underlying representation case without the benefit of *Newton-Wellesley*, he received and considered all of the evidence presented by Respondent as to the appropriateness of the petitioned-for unit and

examined all of the Board's community of interest factors in detail. Upon doing so, the Regional Director concluded that the requested unit of registered nurses here was an appropriate unit for collective bargaining. Having examined this conclusion in light of *Newton-Wellesley*, we reaffirm the Regional Director's decision. [R., Vol. III, at p. 1002].

In affirming the Regional Director, the Board implicitly affirmed his finding that "The record discloses that the presumption that registered nurses at Beth Israel constitute an appropriate unit has *not been overcome* by Employer's evidence." [R., Vol. III, at p. 956]. On appeal we need only consider the validity of applying this presumption in the case at bar.

We recently addressed the same question in *Presbyterian/St. Luke's Medical Center v. National Labor Relations Board*, 653 F.2d 450 (10th Cir. 1981). There, as here, the same Regional Director ruled that a unit restricted to registered nurses is presumptively appropriate and that, based on the Board's singularity of interests analysis, the presumption in favor of the registered nurses unit was not overcome by the Medical Center. *Presbyterian/St. Luke's Medical Center, supra*, held that application of the presumption violated Federal Rule of Evidence 301[1] inasmuch as it relieved General Counsel of his burden to establish by a preponderance of the evidence that an unfair labor practice had occurred. We thus opined that the Board's order was impermissibly tainted by application of the presumption in that any use of the presumption "which casts upon the Medical Center the burden of producing evidence of the inappropriateness of the unit violates Congress' directive of avoiding proliferation in the health care industry. The legislative history underlying the 1974 amendments expresses concern that egregious unit proliferation such as found in the construction trades, could impede effective health care delivery." [At p. 457].

We deem it important to relate here, just as we did in *Presbyterian/St. Luke's Medical Center, supra*, that the House and Senate committee reports addressing this problem, *each* stated:

> Due consideration should be given by the Board to preventing proliferation of bargaining units in the health care industry. In this connection, the Committee notes with approval the recent Board decisions in *Four Seasons Nursing Center*, 208 NLRB No. 50, 85 LRRM 1093 (1974), and *Woodland Park Hospital*, 205 NLRB No. 144, 84 LRRM 1075 (1973), as well as the trend toward broader units enunciated in *Extendicare of West Virginia*, 203 NLRB No. 170, 83 LRRM 1242 (1973).[1]
>
> ---
> [1] By our reference to *Extendicare*, we do not necessarily approve of all of the holdings of that decision.
>
> S.Conf.Rep.No. 988, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News pp. 3946, 3950; S.Rept.No.766, 93d Cong., 2d Sess. 5 (1974); H.Rept.No. 1051, 93d Cong.2d Sess. 7 (1974).

[At p. 453].

It is our view that the import of the reports was very clear, *i. e.*, that the Board should give "due consideration" to prevent proliferation of bargaining units in the health care industry *and* recognize the trend toward broader units.

Our holding in *Presbyterian/St. Luke's Medical Center, supra*, is fully applicable to the case at bar. The Board should no longer consider a unit restricted to registered nurses as a presumptively appropriate one. This presumption is, and has been since the 1974 amendments to the Act, unwarranted and in direct contradiction to the congressional mandate that the Board is to avoid the undue proliferation of bargaining units in the health care industry and that it is to consider the trend toward broader units.

In summary, we hold that the Board erred in applying its prior decisions finding/concluding that a unit restricted exclusively to registered nurses is presumptively appropriate and that an employer must overcome the presumption by producing evidence that limited bargaining units are less appropriate than broader bargaining units. Continued acceptance and endorsement of

---

1. Fed.Rules Evid. rule 301, 28 U.S.C.A.

Board's presumptive and evidentiary policies by this Court would simply serve to enhance the undue proliferation of health care bargaining units, in direct derogation to the congressional mandate set forth in the House and Senate committee reports, *supra.* This we decline to do.

The petition for review is granted. The cross-application for enforcement is denied. The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.