No. 81–1605. RED BALL MOTOR FREIGHT, INC. *v.* NATIONAL LABOR RELATIONS BOARD. C. A. 5th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE REHNQUIST joins, dissenting.

In *Wright Line, a Division of Wright Line, Inc.*, 251 N. L. R. B. 1083, 1089 (1980), the National Labor Relations Board announced a test for identifying violations of § 8(a)(3) of the National Labor Relations Act, 29 U. S. C. § 158(a)(3): General Counsel must first "make a *prima facie* showing sufficient to support the inference that [an employer's opposition to] protected conduct was a 'motivating factor' in the employer's [discharge] decision. Once this is established, the burden will shift to the employer to demonstrate that the same action would have taken place even in the absence of the pro-

---

tected conduct." Most Courts of Appeals, including the Court of Appeals for the Fifth Circuit in this case, have endorsed the Board's test in its entirety. See *NLRB* v. *Robin American Corp.*, 654 F. 2d 1022 (CA5 1981); *NLRB* v. *Lloyd A. Fry Roofing Co., Inc., of Delaware*, 651 F. 2d 442 (CA6 1981); *Peavey Co.* v. *NLRB*, 648 F. 2d 460 (CA7 1981); *NLRB* v. *Nevis Industries, Inc.*, 647 F. 2d 905 (CA9 1981); *NLRB* v. *Fixtures Manufacturing Corp.*, 669 F. 2d 547 (CA8 1982). The Court of Appeals for the Third Circuit and that for the First Circuit, however, disagree with the Board on the exact nature of the employer's burden after the General Counsel establishes a prima facie case. These two Circuits hold the burden to be one of production, rather than one of persuasion. See *NLRB* v. *Wright Line*, 662 F. 2d 899 (CA1 1981), cert. denied, 455 U. S. 989 (1982); *Behring International, Inc.* v. *NLRB*, 675 F. 2d 83 (CA3 1982). In order to resolve this conflict on what is obviously a recurring issue that should be resolved, I would grant the writ of certiorari.