688 F.2d 697
 111 L.R.R.M. (BNA) 2384, 95 Lab.Cas. P 13,770,
11 Fed. R. Evid. Serv. 920
 BETH ISRAEL HOSPITAL AND GERIATRIC CENTER, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
and
Beth Israel Federation of Nurses and Health Professionals
AFT/FNHP, CFT, AFL-CIO, Intervenor.
ST. ANTHONY HOSPITAL SYSTEMS, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
and
St. Anthony's Federation of Nurses and Health Professionals,
Intervenor.
 Nos. 80-1942, 80-1968.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 13, 1982.
 
 Earl K. Madsen of Bradley, Campbell & Carney, Golden, Colo., for St. Anthony Hosp. Systems.
 John D. Coombe, Denver, Colo. (John M. Husband and Jeffrey T. Johnson, Denver, Colo., with him on the brief) of Holland & Hart, Denver, Colo., for Beth Israel Hosp. and Geriatric Center.
 John H. Ferguson, Attorney, Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., with him on the briefs), for the N. L. R. B.
 Michael Radzilowsky, Chicago, Ill. (Lawrence A. Poltrock and Gregory N. Freerksen, Chicago, Ill., also of DeJong, Poltrock & Giampietro, Chicago, Ill., Laurence Gold, Washington, D. C., Marsha S. Berzon and Michael Rubin of Altshuler & Berzon, San Francisco, Cal., with him on the brief), for intervenor Unions and amicus AFL-CIO.
 Clifton L. Elliott and Gina Kaiser of Elliott, Kaiser & Freeman, Kansas City, Mo., filed a brief for amicus American Hosp. Ass'n.
 Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, McKAY, LOGAN and SEYMOUR, Circuit Judges.*
 LOGAN, Circuit Judge.
 
 
 1
 Upon the petition of the National Labor Relations Board (NLRB), this Court granted en banc rehearing of these cases limited to reconsideration of the statements in the panel opinions that the NLRB's use of presumptions violated the mandate of Federal Rule of Evidence 301. See Beth Israel Hospital and Geriatric Center v. NLRB, 677 F.2d 1343 (10th Cir. 1981); St. Anthony Hospital Systems v. NLRB, 655 F.2d 1028 (10th Cir. 1981). Since the language the NLRB objects to originated in an opinion entered earlier, Presbyterian/St. Luke's Medical Center v. NLRB, 653 F.2d 450 (10th Cir. 1981), what is said here necessarily affects the authority of that decision. The en banc court now reaffirms the dispositions in the prior panel opinions, but modifies them by eliminating their reliance upon Federal Rule of Evidence 301.
 
 
 2
 The Beth Israel and St. Anthony panel opinions hold that the NLRB cannot employ a presumption of appropriateness when certifying a bargaining unit in health care institutions-reasoning that to do so would contravene Congress' admonition to avoid undue proliferation of health care bargaining units. Instead, the NLRB must determine whether a unit is appropriate without resorting to a presumption that shifts to the employer the burden of showing the proffered unit is inappropriate, and the NLRB must state why the unit it chooses complies with Congress' admonition. This is not intended to be an onerous burden. The NLRB's certification of bargaining units consisting solely of registered nurses may be entirely proper and within its discretion, but only if the NLRB states why establishing these units will not lead to undue proliferation at those health care facilities. See, e.g., Bay Medical Center, Inc. v. NLRB, 588 F.2d 1174 (6th Cir. 1978). The NLRB cannot rely solely on the employer's failure to show that the units are inappropriate.
 
 
 3
 Our need to alter the two opinions arises only because they repeat a justification given in our prior decision, Presbyterian/St. Luke's Medical Center v. NLRB, 653 F.2d 450 (10th Cir. 1981), finding impermissible the NLRB's use of a presumption of appropriateness when certifying a health care bargaining unit. That decision not only relies on the NLRB's need to comply with Congress' admonition, but declares that by relying on a presumption the NLRB violated the statutory requirement of following the Federal Rules of Evidence at unfair labor practice proceedings so far as practicable. See 29 U.S.C. § 160(b). The panel in Presbyterian/St. Luke's reasoned that because Federal Rule of Evidence 301 forbids the use of a presumption that shifts the burden of persuasion, the NLRB violates Rule 301 when at the representation proceeding it invokes the presumption and shifts to the employer the burden of showing the proposed unit is inappropriate, and then at the unfair labor practice hearing refuses to relitigate the issue of the appropriate bargaining unit.
 
 
 4
 Because Presbyterian/St. Luke's, which is not before us in this en banc hearing, indicates that the NLRB, when certifying bargaining units in the health care or any other field, cannot employ a presumption that shifts the burden of persuasion to the employer, we cannot simply delete references to Rule 301 in the two subsequent opinions and leave the issue to be decided another day. That would not eliminate the statements in Presbyterian/St. Luke's and would confuse whether its reasoning would be binding on future panels of this Court. Therefore, we decide the issue to eliminate the confusion.
 
 
 5
 Turning to the merits, we observe that Congress limited its directive that the NLRB follow the Federal Rules of Evidence to unfair labor practice proceedings; its discussion of representation proceedings says nothing about following the Federal Rules of Evidence. See 29 U.S.C. §§ 159(c)(1), 160(b). There is good reason for this. A representation proceeding is intended to be informal and nonadversarial.
 
 
 6
 "Obviously great latitude concerning procedural details is contemplated. Requirements of formality and rigidity are altogether lacking. The notice must be 'due,' the hearing 'appropriate.' These requirements are related to the character of the proceeding of which the hearing is only a part. That proceeding is not technical. It is an 'investigation,' essentially informal, not adversary. The investigation is not required to take any particular form or confined to the hearing."
 
 
 7
 Inland Empire District Council, Lumber & Sawmill Workers Union v. Millis, 325 U.S. 697, 706, 65 S.Ct. 1316, 1321, 89 L.Ed. 1877 (1945). The NLRB's Regional Director may even consider information that is outside the record. NLRB v. Seven-Up Bottling Co., 344 U.S. 344, 348-49, 73 S.Ct. 287, 289-90, 97 L.Ed. 377 (1953); Foreman & Clark, Inc. v. NLRB, 215 F.2d 396, 408 (9th Cir.), cert. denied, 348 U.S. 887, 75 S.Ct. 207, 99 L.Ed. 697 (1954).
 
 
 8
 On the question of which unit is appropriate for bargaining purposes, the NLRB has no burden of persuasion that might be shifted by use of a presumption. Rather, the NLRB relies on its expertise and experience in a particular industry or organizational structure to decide the composition of a bargaining unit.
 
 
 9
 Judicial review of the NLRB's choice of a bargaining unit is restricted to whether it was arbitrary and without substantial support. E.g., Daylight Grocery Co. v. NLRB, 678 F.2d 905, 908 (11th Cir. 1982); NLRB v. Gold Spot Dairy, Inc., 432 F.2d 125, 127 (10th Cir. 1970). Unless Congress has given the NLRB a specific directive, as it has in the health care industry, the courts should defer to the NLRB's exercise of expertise and discretion-including decisions it bases on presumptions drawn from past experience-so long as when challenged the NLRB provides substantial support for its decision and shows it was not arbitrary. If the certified unit is an appropriate one the NLRB has not abused its discretion, even if the employer shows another unit was more appropriate. Daylight Grocery Co., 678 F.2d at 908; NLRB v. Fuelgas Co., 674 F.2d 529 (6th Cir. 1982); NLRB v. Pan American Petroleum Corp., 444 F.2d 328, 331 (10th Cir.), cert. denied sub nom. Amoco Production Co. v. NLRB, 404 U.S. 941, 92 S.Ct. 287, 30 L.Ed.2d 255 (1971). Outside the health care area, not allowing the NLRB to presume, based on its past experience, that a particular unit is appropriate would depart from the holdings of the other circuits that have considered the issue. See NLRB v. J. W. Mays, Inc., 675 F.2d 442, 444 (2d Cir. 1982); Alaska Statebank v. NLRB, 653 F.2d 1285, 1287 (9th Cir. 1981); Big Y Foods, Inc. v. NLRB, 651 F.2d 40, 45-46 (1st Cir. 1981); NLRB v. New Enterprise Stone & Lime Co., 413 F.2d 117, 118 n.5 (3d Cir. 1969); cf. Magic Pan, Inc. v. NLRB, 627 F.2d 105, 107 (7th Cir. 1980) (mentioning NLRB's use of presumption and not disapproving); Prudential Insurance Co. v. NLRB, 529 F.2d 66, 68 (6th Cir.), cert. denied, 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 799 (1976) (mentioning NLRB's use of presumption and not disapproving).
 
 
 10
 Thus, in the face of congressional silence, we do not infer that Congress intended the NLRB to follow the Federal Rules of Evidence at the informal, nonadversarial representation proceedings. See Catholic Medical Center of Brooklyn and Queens, Inc. v. NLRB, 589 F.2d 1166, 1170 n.4 (2d Cir. 1978) (NLRB "probably" need not follow rules of evidence at representation proceedings); Riverside Press, Inc. v. NLRB, 415 F.2d 281, 283 (5th Cir. 1969), cert. denied, 397 U.S. 912, 90 S.Ct. 915, 25 L.Ed.2d 94 (1970) (rules of evidence "not controlling" at representation proceeding). It would be particularly inappropriate to impose on the NLRB a burden of proof to be met every time it wants to certify a bargaining unit. To do so would conflict with the deference we give the NLRB and would make labor organizational efforts more difficult than Congress intended.
 
 
 11
 The instant case differs from other bargaining unit determinations only because it involves unions in health care institutions. As we noted in Presbyterian/St. Luke's, 653 F.2d at 453, Congress directed the NLRB to justify more rigorously its bargaining unit determinations in the health care field because it feared frequent strikes that would close hospitals and increases in the cost of medical care through wage "leapfrogging" and "whipsawing" if hospital employees were represented by many different unions. See Bay Medical Center, Inc. v. NLRB, 588 F.2d 1174, 1176 (6th Cir. 1978). Thus, in the instant cases, when the NLRB applied its traditional presumption approach and certified the nurses' unit without stating how its determination complied with Congress' admonition, it abused its discretion. Accord Mary Thompson Hospital, Inc. v. NLRB, 621 F.2d 858 (7th Cir. 1980) (stationary engineers unit); NLRB v. Mercy Hospital Association, 606 F.2d 22 (2d Cir. 1979) (maintenance employees unit), cert. denied, 445 U.S. 971, 100 S.Ct. 1665, 64 L.Ed.2d 248 (1980); NLRB v. St. Francis Hospital, 601 F.2d 404 (9th Cir. 1979) (nurses unit); NLRB v. West Suburban Hospital, 570 F.2d 213 (7th Cir. 1978) (maintenance employees unit); St. Vincent's Hospital v. NLRB, 567 F.2d 588 (3d Cir. 1977) (boiler room employees unit); see also Bay Medical Center, 588 F.2d 1174 (approving unit of "technical employees" when NLRB expressly considered Congress's admonition).
 
 
 12
 If the employees vote for union representation, but the employer refuses to bargain with the certified unit, the employer may be charged with an unfair labor practice. At that proceeding, the NLRB's general counsel need not prove that the unit chosen at the representation hearing was appropriate by a preponderance of the evidence. The Supreme Court has held that the NLRB need not reconsider at the unfair labor practice proceeding any issue it previously decided at the representation hearing. Magnesium Casting Co. v. NLRB, 401 U.S. 137, 141-42, 91 S.Ct. 599, 601-02, 27 L.Ed.2d 735 (1971). If the NLRB declines to redetermine whether an appropriate unit was selected, then that issue is not addressed at the unfair labor practice proceeding; thus Federal Rule of Evidence 301 would not apply and the employer could challenge the unit selection only through judicial review in the circuit court. Whether redetermined or not, unit selection remains a matter of agency discretion and expertise, unlike factual questions that must be resolved at the unfair labor practice proceeding, on which the circuits presently are split as to whether the NLRB's prima facie case shifts the burden of persuasion to the employer. See Red Ball Motor Freight, Inc. v. NLRB, (1982), --- U.S. ----, 102 S.Ct. 2282, 73 L.Ed.2d 1293 (White, J., dissenting from denial of certiorari, setting forth conflict between circuits). The question at issue in Red Ball is not before us.
 
 
 13
 Since this modification does not alter the disposition on the merits in the cases before us, the remand to the NLRB ordered in the panel opinions is reaffirmed. It is so ordered.
 
 BARRETT, Circuit Judge, dissenting:
 
 14
 In Presbyterian/St. Luke's Medical Center v. N. L. R. B., 653 F.2d 450 (10th Cir. 1981), U.S. App. Pndg., this court refused to grant the Board's application for enforcement of its order arising out of an unfair labor practice case, charging violation of Section 8(a)(5) of the Act. The hospital had refused to bargain with a unit consisting exclusively of registered nurses, following a representation proceeding undertaken pursuant to Section 9(c)(1), 29 U.S.C.A. § 159(c)(1). In the representation proceeding, which is informal and nonadversary in character, the hospital alone presented evidence that a unit composed of registered nurses only was not appropriate (arguing that other medical professionals should be included in the same bargaining unit) and the Board did not present any countervailing evidence. The hospital objected to the Board's reliance on a presumption of appropriateness of a unit consisting of registered nurses only. No appeal is, of course, permissible from a representation proceeding order. It was only when the NLRB adopted the representation proceeding's findings and charged hospital with an unfair labor practice by virtue of hospital's refusal to bargain that this dispute entered the formal arena of an unfair labor practice.
 
 
 15
 In Presbyterian/St. Luke's, supra, and the instant cases subsequently ruled upon by the same panel, which are the en banc cases here considered, we held that the Board's petition for enforcement in the unfair labor practice proceeding must be denied on two grounds: (1) that the Board erred in employing a presumption of appropriateness in certifying registered nurses as a separate bargaining unit in the health care industry in light of the clear admonition of the Congress that undue proliferation of bargaining units must be avoided, and (2) that the Board's use of the presumption of appropriateness violated the commands of Fed. Rules Evid. Rule 301, 28 U.S.C.A., inasmuch as the Board's reliance on the presumption in the unfair labor proceeding impermissibly relieved general counsel of his burden of persuasion via introduction of evidence to overcome the prior evidence presented by hospital in the representation proceeding which effectively rebutted the Board's presumption that a unit consisting of registered nurses only is an appropriate bargaining unit. Inherent in those opinions was the admonition that general counsel for NLRB was obligated, in the unfair labor proceedings, to present evidence overcoming the hospitals' prior evidence presented in the course of the representation proceeding instead of simply relying on the Board's presumption. Such reliance does not meet the burden of persuasion.
 
 
 16
 The only issue presented in these en banc cases involves the applicability of Federal Rules of Evidence 301, supra.
 
 
 17
 There is no way that the hospitals here or, for that matter, an employer involved in any representation hearing could litigate the applicability of Rule 301 involving the Board's use of irrebuttable presumptions. Those proceedings are not reviewable as "final orders" under 29 U.S.C.A. § 160(e) and (f) in that they involve "certification proceedings". Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); N. L. R. B. v. P. A. F. Equipment Co., 528 F.2d 286 (10th Cir. 1976). In the latter case, this court observed that although the Board's orders in representation proceedings are not subject to court review that should those orders become the foundation for an unfair labor practice charge for refusal to bargain pursuant to 29 U.S.C.A. § 160(e), the court of appeals must determine whether the Board abused its discretion. We pertinently noted that if the employer challenged rulings and determinations of the Board including evidentiary matters, the employer preserved these challenges if the Board should thereafter charge the employer with unfair labor practice in refusing to bargain with the chosen unit. See N. L. R. B. v. Ideal Laundry and Dry Cleaning Co., 330 F.2d 712 (10th Cir. 1964); 48A Am.Jur.2d., § 1643, Labor and Labor Relations.
 
 
 18
 In the unfair labor practice proceedings, the hospitals challenge the appropriateness of the bargaining unit, and contend that they have been denied due process by virtue of denial of a full hearing. I agree. In lieu of presenting any evidence following that presented by the hospitals in the representation proceedings which effectively rebutted the Board's presumption of the appropriateness of a bargaining unit consisting of registered nurses only, the Board again relied entirely on the presumption. No administrative agency must be permitted to resort to its "expertise" to justify a ruling based on the "presumption-as-evidence" theory which has been universally rejected. Weinstein's Evidence, Vol. I, Rule 301, pp. 301-4-7 (1981). Rule 301 defines "presumption" as (A) a rebuttable assumption of fact, (B) that the law requires to be made, (C) from another fact or group of facts found or otherwise established in the action. Thus, a presumption must give way to reality when facts are presented in opposition thereto inasmuch as a presumption signifies that which may be assumed without proof. Legislative bodies may establish irrebuttable presumptions, providing they do not deprive individuals of their rights; however, such irrebuttable presumptions must rest upon grounds of expediency or public policy so compelling as to override the requirement of proof. 29 Am.Jur.2d, Evidence, § 164.
 
 
 19
 The determination of appropriate bargaining units is a matter of great importance. It places a substantial due process burden on the Board. The bargaining unit determination places a burden on the Board as the moving party in an unfair labor practice charge to establish the reasonableness of its unit determination based on "substantial evidence" in the record as a whole. The Board cannot rely on the simple presumption it employed in the course of the representation proceeding when that presumption has been effectively rebutted by evidence adduced by the hospitals. Thus, the burden of persuasion shifted to the Board to present evidence in the course of the unfair labor practice proceeding to overcome, if possible, the evidence presented by the hospitals in the course of the representation proceeding. Again, it is important to observe that counsel for Board did not present any evidence during the representation proceeding, and instead relied entirely on the presumption.
 
 
 20
 In N. L. R. B. v. Ideal Laundry and Dry Cleaning Co., supra, this court observed:
 
 
 21
 The appropriateness of the bargaining unit is the salient issue in this unfair labor practice proceedings, and respondent is, to be sure, entitled to a due process hearing on that issue. And, if an opportunity for a full hearing on the critical issue was not afforded in the representation proceedings, respondent is entitled to be heard in this unfair labor practice proceedings.
 
 
 22
 But, an aggrieved party may question the appropriateness of the bargaining unit in a proceedings to review or enforce under § 10(e) or (f), ... And, the court will examine the entire record to determine: (1) whether the aggrieved party was accorded a fair hearing; and (2) whether the Board applied the proper legal criterion in determining the eligibility of the challenged ballots. (Citations omitted).330 F.2d at p. 715.
 
 
 23
 At no time did this court in Presbyterian/St. Luke's or in the instant en banc opinions hold, expressly or impliedly, that rules of evidence prevailing in courts of law are applicable to representation hearings. Our holding was directed exclusively to unfair labor practice proceedings. In Magnesium Casting Co. v. N. L. R. B., 401 U.S. 137, 91 S.Ct. 599, 27 L.Ed.2d 735 (1971), the Supreme Court observed:
 
 
 24
 An employer who contests the election, including the unit determination, can only obtain court review under § 10 after an unfair labor practice charge has been made against him by the Board for refusing to bargain collectively "with the representatives of his employees" as provided in § 8(a)(5).
 
 
 25
 In that review, however, the determination of the bargaining unit by the regional director need not be reviewed by the Board. Whether the Board reviews the initial decision on the merits, see Pittsburg Plate Glass Co. v. N. L. R. B., 313 U.S. 146, 162 (61 S.Ct. 908, 917, 85 L.Ed. 1251), or the employer fails to request review of the action of the regional director, or the Board denies a request for review, the Board has discretion to reopen the issue where newly discovered noncumulative evidence is available.
 
 
 26
 Historically, the representation issue once fully litigated in the representation proceeding could not be relitigated in an unfair labor practice proceeding. We so held in Pittsburg Plate Glass Co. v. N. L. R. B., supra.
 
 
 27
 401 U.S. at pp. 139, 141, 91 S.Ct. at 600, 601. (Footnote omitted).
 
 
 28
 Nothing in Magnesium Casting Co., supra, alters the fact that there is provision in the NLRA for review of Board certification action, leading to Board determination of appropriate employee units for collective bargaining purposes. Section 9(d) provides for court review of certification orders brought before the courts of appeal pursuant to unfair labor practice charges lodged by the Board against the employer pursuant to Sections 10(e) and (f) of the Act. A. F. of L. v. Labor Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940) holds that the only means available to an aggrieved employer who desires to challenge a certification order is that of refusal to bargain and to assert his positions by way of defense in an unfair labor practice proceeding which is subject to judicial review.
 
 
 29
 Thus, our opinions in Presbyterian/St. Luke's, supra, and the subsequent en banc cases before us here are consistent with A. F. of L. v. Labor Board, supra, and Magnesium Casting Co., supra. We recognized in those opinions that the NLRA does not provide for direct review of Board orders entered in representation proceedings. We did not hold that the Federal Rules of Evidence apply in representation proceedings. We did hold that Rule 301 of the Federal Rules of Evidence does apply in unfair labor practice proceedings, including those arising by virtue of a refusal to bargain if the employer lodged proper challenges during the course of the representation proceedings. We so held inasmuch as Sections 10(e) and (f) of the Act make this the only and exclusive avenue of review available to the employer. See Myers v. Bethelehem Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938).
 
 
 30
 Prior to the adoption of the Federal Rules of Evidence on January 2, 1975, P.L. 93-595, 28 U.S.C.S. Appendix, the rule was firmly established that unfair labor practice hearings were, insofar as practicable, governed by rules of evidence applicable in the United States district courts. Rules and Regs. § 102.34.
 
 
 31
 29 U.S.C.A. § 160(b) provides in unambiguous language that in all unfair labor practice proceedings the Federal Rules of Evidence and the Federal Rules of Civil Procedure shall apply so far as practicable. It was in keeping with this statute that the Supreme Court, in Boire v. Greyhound Corp., supra, held that in an unfair labor practice case, the record certified in the representation proceeding must be included in the transcript of the entire record made in the unfair labor practice case, which is, of course, the only case reviewable. Footnotes 5 and 6 in Boire significantly state:
 
 Footnote 5 :
 
 32
 Since the certification and the record of the investigation (in the representation case under Section 9(c) of the Act) are required to be included in the transcript of the entire record filed pursuant to Section 10(e) or (f), the Board's actions and determinations of fact and law in regard thereto will be subject to the same court review as is provided for its other determinations under Sections 10(b) and 10(c). (Citations omitted).
 
 Footnote 6 :
 
 33
 An election is the mere determination of a preliminary fact, and in itself has no substantial effect upon the rights of either employers or employees. There is no more reason for court review prior to an election than for court review prior to a hearing. But if subsequently the Board makes an order predicated upon the election, such as an order to bargain collectively with elected representatives, then the entire election procedure becomes part of the record upon which the order of the Board is based, and is fully reviewable by any aggrieved party in the Federal courts in the manner provided in Section 10. And this review would include within its scope the action of the Board in determining the appropriate unit for purposes of the election. This provides a complete guarantee against arbitrary action by the Board. (Citations omitted).
 
 
 34
 Rule 301 and the holding in Boire, supra, are consistent with those opinions holding that N. L. R. B.'s general counsel's prima facie showing that union activity was the motivating factor behind allegedly unlawful discharge shifts the burden of production but not the burden of persuasion, to the employer to show "good" reason for the discharge. Behring International, Inc. v. N. L. R. B., 675 F.2d 83 (3d Cir. 1982); N. L. R. B. v. Transportation Management Corp., 674 F.2d 130 (1st Cir. 1982).
 
 
 35
 In any unfair labor practice proceeding, there must be a full and complete adversarial hearing. The hospitals were not accorded such a proceeding. The Board was obligated to present evidence in the unfair labor practice proceedings (through its General Counsel) which effectively met the burden of persuasion. This and this only could meet the measure of a "full and adequate" hearing to develop the evidentiary basis, on the record as a whole, supporting the adjudicative determination of the proper bargaining unit. This can only be accomplished based on substantial evidence, subject to the procedural mandates of the Administrative Procedure Act, 5 U.S.C.A. § 557(c).
 
 
 36
 I would affirm the panel opinions in their entirety.
 
 SETH, Chief Judge, dissenting:
 
 37
 I must dissent from the position taken by the majority as to two particular matters.
 
 
 38
 The only issue before the en banc court is the proof and procedure in unfair practice proceedings used in health care cases to challenge the Board's representation conclusions. There are no issues before us concerning non-health care cases, and no issues as to the procedure and proof at representation proceedings. No one urges, and the panels in the previous cases did not hold, that Rule 301 of the Federal Rules of Evidence should be applied in representation proceedings. No one can seriously argue such a position. Aside from Rule 301 no one is concerned with presumptions at representation proceedings and no such issue is in this case. The majority opinion is directed to these two matters.
 
 
 39
 The Government in its brief and argument sought to focus the court's attention to the representation proceedings rather than to the unfair practice hearing with which the panels of this court had been concerned.
 
 
 40
 The only issue before the en banc court is the proof and procedure in unfair practice proceedings used in health care cases to challenge the Board's representation determination. As to this issue the inquiry may be further narrowed because the only reason for the division on the court is the difference of opinion as to whether Rule 301 should be applied at the unfair practice hearing. The majority would remand, not for a failure to apply 301, but for the Board's failure to consider the proliferation policy announced in the 1974 amendments.
 
 
 41
 Thus the majority would remand only for a consideration of the proliferation policy; that is, the number of units. I would remand to include that element of the unit determination, but also for a failure to apply Rule 301 at the unfair practice hearing. I think that it is essential to apply Rule 301 to produce a reviewable record because its application is mandated by statute, and because it will permit a due process challenge to the Board's determination when the only challenge is available.
 
 
 42
 The only basis stated in the majority opinion as to why Rule 301 should not be applied to the unfair practice hearing is:
 
 
 43
 "If the NLRB declines to redetermine whether an appropriate unit was selected, then that issue is not addressed at the unfair labor practice proceeding; thus Federal Rule of Evidence 301 would not apply and the employer could challenge the unit selection only through judicial review in the circuit court."
 
 
 44
 The opinion does not say how we could review such a record which apparently would contain no evidence to support the Board's decision.
 
 
 45
 The use by the Board of its assumption in health care cases such as this can and does result in having the record come to this court with the only evidence therein being directly contrary to the Board's fact determination. This is the most striking consequence of the majority view. We then have to decide under the established standards whether the Board's decision is supported by the evidence. It does not appear to be a solution to hold that the unit determination is a matter of "discretion," and the facts are someway in a category different from other facts. The only basis for not applying Rule 301 is to relegate the unit determination to a non-fact category.
 
 
 46
 The purpose of Rule 301 is to require the proponent to come forward with the facts on which the presumption is based. The unexplained presumption alone is not enough. There has been advanced by the Board no reason or way we can decide whether the factual determination is supported by the evidence.
 
 
 47
 The majority as to this matter holds that it is not such a problem at all, but a matter for the Board's discretion, and states:
 
 
 48
 "Whether redetermined or not, unit selection remains a matter of agency discretion and expertise, unlike factual questions that must be resolved at the unfair labor practice proceeding, on which the circuits presently are split as to whether NLRB's prima facie case shifts the burden of persuasion to the employer."
 
 
 49
 The majority remand is only for the non-proliferation policy reason, and thus only for that factor of numbers among the many factors relating to the merits. If the remand is broader it has to be construed to be for Rule 301 reasons or some of them. There is no indication in the opinion that this be done, and thus one aspect only is to be considered on remand. Instead, Rule 301 should instead be the basic reason for the remand. It will provide a suitable record for review directed to the merits of the case. This will permit all pertinent reasons for the unit determination to be developed in the record and not just the numbers element. It does not seem effective or proper to select but one element for consideration on the remand.
 
 
 50
 The quotation in Judge Barrett's opinion bears repeating here (Boire v. Greyhound Corp., 376 U.S. 473, 479, n. 6, 84 S.Ct. 894, 897-98, n. 6, 11 L.Ed.2d 849):
 
 
 51
 "An election is the mere determination of a preliminary fact, and in itself has no substantial effect upon the rights of either employers or employees. There is no more reason for court review prior to an election than for court review prior to a hearing. But if subsequently the Board makes an order predicated upon the election, such as an order to bargain collectively with elected representatives, then the entire election procedure becomes part of the record upon which the order of the Board is based, and is fully reviewable by any aggrieved party in the Federal courts in the manner provided in section 10. And this review would include within its scope the action of the Board in determining the appropriate unit for purposes of the election. This provides a complete guarantee against arbitrary action by the Board."
 
 
 52
 "Arbitrary action" by the Board can only be protected against by a review of the agency action on a suitable record covering all facts of the unit determination. It cannot be tucked away in the Board's discretion.
 
 
 53
 I must also dissent from the majority opinion because it seeks to decide non-health care cases and this we cannot do. These are matters not before the court and the opinion as to such cases is dicta. The en banc cases are the two health care cases and those only. This court in a series of non-health care cases has decided much of which is sought to be covered by the majority opinion.
 
 
 54
 I agree with the opinion of Judge Barrett and would apply Rule 301 to these unfair labor hearings on remand as the framework for the further consideration.
 
 
 
 *
 Honorable William E. Doyle, Circuit Judge, did not participate in the disposition of these cases