For the foregoing reasons the decision of the district court is

AFFIRMED.

**SOUTHWEST COMMUNITY HEALTH SERVICES d/b/a Albuquerque Ambulance Service, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 82–2028.

United States Court of Appeals, Tenth Circuit.

Jan. 23, 1984.

Nicholas J. Noeding of Poole, Tinnin & Martin, P.C., Albuquerque, N.M., for petitioner.

Elaine Patrick, Atty., N.L.R.B., Washington, D.C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Elinor Hadley Stillman and Linda Dreeben, Attys., Washington, D.C., on the brief), for respondent.

K. Bruce Stickler of Wood, Lucksinger & Epstein, Chicago, Ill., filed a brief on behalf of amicus curiae American Hospital Ass'n.

Before SETH, Chief Judge, and HOLLOWAY and SEYMOUR, Circuit Judges.

SETH, Chief Judge.

Southwest Community Health Services petitions for review of a decision of the National Labor Relations Board ordering it to bargain with a group of Ambulance Service employees. The petitioner is a nonprofit corporation which operates eleven hospitals in New Mexico including Presbyterian Hospital and Anna Kaseman Hospital, collectively referred to herein as the "Hospital". The Board has filed a cross-petition for enforcement of its order.

In 1973, Bernalillo County Health Care Corporation acquired the assets of the Albuquerque Ambulance Service. BCHCC is governed by a Board of Directors divided equally between the Hospital and an unrelated medical care facility. The Board of Directors of BCHCC exercises no control over any of the terms and conditions of employment of the Ambulance Service employees. The BCHCC has delegated responsibility for the operation of the Ambulance Service to the Hospital. The Service has consistently been unprofitable; its losses are paid equally by petitioner and the unrelated hospital.

The Hospital employs approximately 2,300 persons including 54 nonprofessional Ambulance Service employees. The Ambulance Service employees receive specialized training and are certified by the State of New Mexico. Some of the employees administer emergency medical treatment, often in difficult working conditions. Others are ambulance drivers or dispatchers. The Service is not located in the Hospital and is not publicly identified with the Hospital.

The Hospital and the petitioner establish the wages and terms and conditions of employment for the Ambulance Service employees. The Ambulance Service employees are hired by the Hospital, are paid on the same wage scale as other Hospital employees, and have the same employee grievance procedure. Some Ambulance Service employees have transferred to jobs in the Hospital and some Hospital employees have transferred to positions in the Ambulance Service.

In January 1981, the UBC Southwestern Council of Industrial Workers, AFL–CIO, filed a petition seeking to represent all full-time and regular part-time paramedics,

emergency medical technicians, emergency vehicle operators, patient transfer operators and dispatchers employed in the Service. The Board's regional director found the requested unit to be appropriate and the Board affirmed his decision. The unit voted to retain the union as its exclusive bargaining representative. The petitioner refused to bargain with the union and unfair labor practice charges were filed alleging violations of sections 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5), (1). The Board granted the General Counsel's motion for summary judgment on the charges and found the petitioner's refusal to bargain constituted a violation of the Act. This petition for review and cross-petition for enforcement followed.

■ Our review of the Board's choice of a bargaining unit is not bound by the standard of "arbitrary and without substantial support" usually given to the Board's unit determinations. *Beth Israel Hospital and Geriatric Center v. N.L.R.B.,* 688 F.2d 697 (10th Cir., 1982) (en banc). This case differs from the traditional standard because it involves a unit selection in a health care institution. *Id.* at 700. Congress has directed the N.L.R.B. to more rigorously justify its bargaining unit determination in the health care field because it feared frequent strikes and wage whipsawing. *Id.* Thus, Congress has admonished the Board to prevent a proliferation of bargaining units in the health care industry. S.Conf.Rep. No. 988, 93d Cong. 2d Sess., *reprinted in* [1974] U.S.Code Cong. and Admin.News 3946, 3959.

The standard for review in this case is whether the Board properly focused on the " 'disparity of interests between employee groups which would prohibit or inhibit fair representation of employee interests.'" *Presbyterian/St. Luke's Medical Center v. N.L.R.B.,* 653 F.2d 450, 457 (10th Cir., 1981), *quoting N.L.R.B. v. St. Francis Hospital of Lynwood,* 601 F.2d 404, 419 (9th Cir., 1979). The Board argues that our en banc decision in *Beth Israel Hospital and Geriatric Center v. N.L.R.B.,* 688 F.2d 697, modified our

opinion in *Presbyterian/St. Luke's.* Though the panel decision in *Presbyterian/St. Luke's* was not specifically before the en banc court, the *Beth Israel* decision necessarily affects the authority of the panel decision. 688 F.2d at 698. In *Beth Israel,* we reaffirmed three panel decisions which denied enforcement to Board determinations of bargaining units, and we addressed only the language in each panel opinion stating that the Board, when certifying bargaining units in the health care field, could not employ a presumption that shifts the burden of persuasion to the employer. *Beth Israel Hospital and Geriatric Center v. N.L.R.B.,* 677 F.2d 1343 (10th Cir., 1981); *St. Anthony Hospital Systems v. N.L.R.B.,* 655 F.2d 1028 (10th Cir., 1981); *Presbyterian/St. Luke's Medical Center v. N.L.R.B.,* 653 F.2d 450 (10th Cir., 1981). There is no indication in the en banc *Beth Israel* opinion that we have backed away from or modified our use of the "disparity of interests" standard in hospital employee bargaining unit cases. We therefore apply that standard to the case at bar.

■ The "disparity of interests" standard requires that the Board determine not the similarities among the employees of the proposed bargaining unit, but instead examine the disparity of interests among employee classifications which would prevent a combination of groups of employees. *See N.L.R.B. v. HMO International/California Medical Group Health Plan, Inc.,* 678 F.2d 806 (9th Cir., 1982); *N.L.R.B. v. St. Francis Hospital of Lynwood,* 601 F.2d 404 (9th Cir., 1979). The standard thus ensures compliance with the congressional mandate to avoid undue proliferation of bargaining units in the health care industry.

■ The regional director offered several justifications for certifying the unit: (1) the purposes and functions of the Ambulance Service is not directly related to traditional Hospital services and functions; (2) the Service's employees work away from the Hospital; (3) the patients are transported to medical centers other than the Hospital; and (4) the ambulance crew members have

work contact with emergency room personnel in many hospitals.

None of the director's reasons specifies any justification for not including other potential groups in the bargaining unit. No other groups were considered and no distinctions were made. It may well be that the unit is appropriate, but we cannot determine that from the regional director's and the Board's decisions. We must therefore remand this case for consideration of the bargaining unit under the "disparity of interests" standard.

It is the judgment of this court that the petition for review is granted, the Board's cross-petition to enforce is denied, and the case remanded to the Board.

IT IS SO ORDERED.